**In the Matter of the MARRIAGE OF Harrold ALLEN and Shelly Diane Allen and In the Interest of Kelly Don ALLEN and Charla Kay Allen.**

No. 9112.

Court of Civil Appeals of Texas, Amarillo.

Dec. 31, 1979.

Wagonseller, Cobb, Burrows & Snuggs, Gene S. Cobb, Lubbock, for appellant.

No counsel for appellee.

COUNTISS, Justice.

This appeal from a divorce decree requires us to determine whether the trial court erred in refusing to abate or dismiss this case because another suit between the parties was pending in a different court. Finding no error, we affirm the judgment of the trial court.

Appellant, Shelly Diane Allen (hereafter Shelly), and her former husband, appellee, Harrold Allen (hereafter Harrold), and their two children were residents of Floyd County. On or about December 28, 1978, they separated and Shelly and the two children moved to her parents' home in Lubbock County. On January 8, 1979, Shelly filed a suit affecting the parent-child relationship in the 99th District Court of Lubbock County. In her petition, she requested various items of temporary relief concerning the property of the parties and their children. Shelly did not seek a divorce, division of marital property or permanent conservatorship orders at that time.

On January 12, 1979, Harrold filed suit in the 110th District Court of Floyd County, alleging the requisite residence requirements and seeking a divorce, division of marital property and establishment of conservatorship for the children. On January 15, 1979, he filed a motion in the Lubbock County case to transfer the proceeding to Floyd County where his divorce suit was pending. Prior to a hearing on Harrold's motion to transfer, Shelly filed an amended petition in her Lubbock County suit seeking a divorce, division of marital property and permanent support and conservatorship orders. She admitted in her pleadings that she did not satisfy the requisite residence requirements in Lubbock County at the time but alleged she "will have been a resident of such County for 90 days when she files her second amended petition herein and requests that the case be heard on its merits 60 days following the filing of her second amended petition." Shelly also filed a motion in the Floyd County suit seeking to have it abated or dismissed on the

ground that the Lubbock County suit took precedence.

On February 6, 1979, Harrold's motion to transfer the Lubbock County suit to Floyd County was overruled by the district judge presiding in that case. On April 4, 1979, Shelly's motion to abate or dismiss the Floyd County suit was overruled by the district judge presiding in the case before this court.

On April 18, 1979, a final decree of divorce was entered in the Floyd County case filed by Harrold. On July 17, 1979, a final decree of divorce was entered in the Lubbock County case filed by Shelly. Shelly has perfected this appeal from the Floyd County decree.[1] No appeal has been taken from the Lubbock County decree.

In the instant suit, Shelly contends the trial court was in error in denying her motion to abate or dismiss the case because jurisdiction had been retained by the 99th District Court of Lubbock County. By two sub-points, she contends that jurisdiction was retained in the Lubbock court because it denied Harrold's motion to transfer and because the policy underlying venue provisions of the Family Code favor disposition of the case in Lubbock County.

■ In order to unravel the sequence of events, we must begin with the general common law rule in Texas that the trial court in which a suit for divorce is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063, 1069 (1926); *Brown v. Brown*, 566 S.W.2d 378, 380 (Tex.Civ.App.—Corpus Christi 1978, no writ). A subsequent suit filed in another court of competent jurisdiction involving the same parties and controversy must be dismissed. *Brown v. Brown, supra*, at 380.

■ Superimposed on these common law rules are various substantive and procedural requirements of the Texas Constitution and the Texas Family Code and various

other statutes. Thus, selection of the proper court in which to file a divorce suit is governed either by article 5, section 8 of the Texas Constitution, implemented by article 1906 of the Texas Revised Civil Statutes Annotated which gives district courts jurisdiction of divorce cases or by statutes giving divorce jurisdiction to various statutory courts. *See, e. g.*, Tex.Rev.Civ.Stat. Ann. art. 1970–340, § 2a (Vernon Supp.1978–1979). By the terms of section 3.21 of the Family Code "[n]o suit for divorce may be maintained *unless at the time suit is filed* the petitioner or the respondent has been a domiciliary of this state for the preceding six-month period and a resident of the county in which the suit is filed for the preceding ninety-day period" (emphasis added). If there are children of the marriage, and the children are not under the continuing jurisdiction of any other court, section 3.55(b) of the Family Code requires the suit for divorce to include a suit affecting the parent-child relationship under Title 2 of the Family Code.

■ When a suit affecting the parent-child relationship is instituted under Title 2 of the Family Code, and it is not instituted in connection with a suit for divorce, jurisdiction lies in the district court and, by specific statute, may also lie in various statutory county courts. *See, e. g.*, Tex.Const. art. V, § 8; Tex.Rev.Civ.Stat.Ann. art. 1970–340, § 2a (Vernon Supp.1978–1979). Venue of the case, however, is controlled by section 11.04 of the Family Code. Section 11.04(a) establishes venue generally in the county of the child's residence, subject to exceptions stated in sections 11.04(b) and (c). There is no provision in Title 2 of the Family Code which establishes a minimum length of residence in the county or state prior to the filing of a suit similar to the one filed by Shelly in Lubbock County.

■ Recognizing the undesirability of permitting different courts to control the various segments of the marital relation-

---

1. Appellee, Harrold Allen, has not favored us with a brief in this case. His apparent lack of concern is unfortunate, but Mrs. Allen still

must demonstrate reversible error by the trial court. She has failed to do so.

ship, the Family Code establishes a procedure in section 3.55(c) for uniting the suit affecting the parent-child relationship with the suit for divorce, when the two proceedings are filed separately. If the children are under the continuing jurisdiction of a court under a Title 2 suit, section 3.55(c) allows either of the divorce suit parties to move the court where the parent-child suit is pending for transfer of that suit to the court having jurisdiction of the divorce. Section 3.55(c) then states that the court having continuing jurisdiction of the children's suit *shall* transfer the case to the court having jurisdiction of the divorce, a transfer we hold to be mandatory upon proper motion. *See Cassidy v. Fuller,* 568 S.W.2d 845, 847 (Tex.1978).

■ The present controversy is resolved by application of the foregoing statutory and case law. The first pleading filed was Shelly's Lubbock County suit affecting the parent-child relationship. That suit was essentially a Title 2 suit seeking temporary conservatorship orders and child support.[2] Four days later, Harrold filed the divorce case in Floyd County. Under the clear authority of *Cleveland v. Ward, supra,* 285 S.W. at 1069, the District Court of Floyd County acquired dominant jurisdiction of the entire controversy.[3] Harrold's motion to transfer the Lubbock County case involving the parent-child relationship to Floyd County was a proper motion under section 3.55(c) of the Family Code and, insofar as the record in this case reflects, should have been granted. We regard the transfer of the Lubbock County parent-child case to be a mandatory ministerial act. *See Cassidy v. Fuller, supra,* at 847.

■ In this light, the motion to transfer deprived the Lubbock County District Court of continuing jurisdiction of the pending parent-child suit, except for the jurisdiction to transfer, and the failure of the Lubbock County District Court to transfer the parent-child suit neither deprived the Floyd County District Court of jurisdiction over, nor prohibited that court from proceeding to final judgment on, all matters in issue before it, including the parent-child relationship matters. Thus, the District Court in Floyd County correctly refused Shelly's motion to abate or dismiss the case.

■ Shelly argues that her motion to abate or dismiss this suit should have been granted, because her Lubbock County suit was filed first and involved the same parties, issues and cause of action as in this case. We do not agree that the two suits are identical. As stated above, her suit was primarily a Title 2 suit seeking temporary orders relative to conservatorship and was subject to transfer when the divorce suit was filed in Floyd County. It is true that prior to the hearing on Harrold's motion to transfer, Shelly amended her parent-child relationship suit to request a divorce and other relief. Her action, however, was to no avail because it was after Floyd County had acquired dominant jurisdiction of the divorce case and at a time when she still did not meet the residence requirements for divorce in Lubbock County.[4]

Shelly also contends the failure of Harrold to seek appellate relief from the Lubbock court's order denying his motion to transfer makes it binding on the trial court in this case. In effect, Shelly argues the

2. Temporary injunctive relief involving the parties' marital property was also requested, but was ancillary to the primary relief requested and does not change the nature of the suit.

3. Harrold alleged, and the court found in its decree, that all necessary residence requirements had been met.

4. Shelly relies on *Beavers v. Beavers,* 545 S.W.2d 29, 30 (Tex.Civ.App.—Waco 1976, no writ), and other cases holding that a suit for divorce can be filed before residence requirements are met. We do not, however, construe

those cases to hold that a premature filing divests the court of dominant jurisdiction of its power to hear a case already on file. Nor do we believe a premature filing can prevent the other spouse from subsequently filing and securing final adjudication of the case in a county where residence requirements are satisfied, if the subsequent filing occurs before the spouse who files prematurely has satisfied the residence requirements where she filed. To conclude otherwise would sanction unlimited forum *shopping.*

**138**

action by the Lubbock court in refusing to transfer the case is final and, even if erroneous, is binding on all other courts. Thus, she contends, the Floyd County case could not be tried because dominant jurisdiction remained fixed and final in Lubbock County.

 If we accepted the above theory, it would apply only to the parent-child suit, because it is the only portion of this case over which the Lubbock court ever held dominant jurisdiction. We have held, however, that the motion to transfer deprived the Lubbock County District Court of continuing jurisdiction of the suit then before it. That court's order denying transfer was not binding and, hence, could not operate to retain jurisdiction of any part of this case in Lubbock County. Acceptance of Shelly's argument would result in a fragmentation of the divorce case among different courts in direct contravention of the language and purpose of article 3.55(c) of the Family Code.

Shelly's final contention is that the provisions of section 11.06(c) of the Family Code justify the refusal of the Lubbock court to transfer the case and give validity to its refusal to do so. The section in question permits transfer of a parent-child relationship suit to another court "[f]or the convenience of the parties . . . and in the interest of justice." We do not perceive how a provision permitting a discretionary transfer could validate an order refusing a mandatory transfer. In any event, a provision for transfer for the convenience of parties and in the interest of justice cannot override a mandatory transfer provision such as section 3.55(c) of the Family Code.

By supplemental transcript filed in this court on October 31, 1979, we have been furnished an order dated October 24, 1979, purporting to transfer this case to the 99th District Court of Lubbock County and ordering that the divorce decree entered by the 99th District Court on July 17, 1979, "shall henceforth be the final Decree" in the case. That order, however, was entered after appeal to this court had been perfected and at a time when the district court did not have jurisdiction of the case. Tex.R. Civ.P. 363; *Stein v. Frank*, 575 S.W.2d 399, 400 (Tex.Civ.App.—Dallas 1978, no writ). Thus, it has no effect on the Floyd County decree that we are called on to review.

We, therefore, overrule Shelly's points of error and affirm the judgment of the trial court.