**Sherry Lynn McMANUS, Relator**

**v.**

**The Honorable Carroll E. WÍLBORN, Jr., Judge, 344th Judicial District, Chambers County, Texas, Respondent.**

**No. 14–96–00524–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 18, 1996.

Hugh J. Plummer, Michael D. Farmer, Houston, for appellants.

Daryl L. Moore, Houston, Michael Stone Petit, Beaumont, for appellees.

Before LEE, HUDSON and EDELMAN, JJ.

## OPINION

HUDSON, Justice.

In this original proceeding, relator, Sherry Lynn McManus, seeks an order compelling the respondent, Judge Carroll E. Wilborn, Jr., to transfer the suit affecting the parent-child relationship to Galveston County, Texas. We conditionally grant the writ.

Sherry McManus [Sherry] gave birth to the child that is the subject of this suit on September 8, 1995. At the time of the child's birth, Sherry was divorced from the real party in interest, Volney Robert McManus [Robert]. The divorce was granted in March 1993. Despite the divorce, Sherry lived with Robert periodically during the pregnancy and after the birth. On November 18, 1995, Sherry and the child moved to Galveston County, Texas. On November 28, 1995, Robert filed an original petition for voluntary paternity in Chambers County, Texas. Sherry filed a motion to transfer venue to Galveston County. Because the respondent denied Sherry's motion to transfer venue, she brings this petition for writ of mandamus.

■ Mandamus relief is available if the trial court abuses its discretion, either in resolving factual issues or in determining legal principles. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). In determining whether the writ should issue, we must further determine whether the party has an adequate remedy by appeal. *Id.* Mandamus is intended to be an extraordinary remedy, only available in limited circumstances "involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989).

■ Mandamus is available to compel mandatory transfer in suits affecting the parent-child relationship. *Proffer v. Yates,* 734 S.W.2d 671, 672 (Tex.1987). This is so because mandamus relief is appropriate "when under the circumstances of the case the facts and law permit the trial court to make but one decision—and the trial court has refused to make that decision—and remedy by appeal to correct the ruling is inadequate." *Id.* at 673. Because transfer under the mandatory provisions of the Family Code is a ministerial duty and remedy by appeal is "frequently inadequate to protect the rights of parents and children to a trial in a particular venue," the Texas Supreme Court has held that mandamus is an appropriate remedy despite the availability of appeal. *Id.*

■ Robert argues that mandamus is inappropriate here because the facts are in dispute. Sherry's motion to transfer alleges the child resides in Galveston County, while his response to the motion states the child resides in Chambers County. Robert concedes, however, that at the time he filed his petition for voluntary paternity, the child had been living in Galveston County for ten days. The conflict in the allegations does not arise from a factual dispute, but from differing statutory interpretations. Accordingly, we find mandamus is appropriate.

Sherry's sole argument in support of her petition for writ of mandamus is that the trial judge abused his discretion in denying her motion to transfer. She contends Section

103.001 of the Family Code governs venue in this case. The section is entitled "Venue for Original Suit," and it provides:

(a) Except as otherwise provided by this title, an original suit shall be filed in the county *where the child resides,* unless:

(1) another court has continuing exclusive jurisdiction under Chapter 155; or

(2) venue is fixed in a suit for dissolution of a marriage under Chapter 3.

TEX. FAM.CODE ANN. § 103.001(a) (Vernon Supp. Pamph.1996) (emphasis added).

Subsection "c" of the statute provides that a child "resides" in the county where the parents reside. If the parents do not reside in the same county, the statute deems the child's residence to be in the county where the parent having actual care, control, and possession of the child resides. TEX. FAM. CODE ANN. § 103.001(c)(2) (Vernon Supp. Pamph.1996). When an original suit is filed in the wrong county, and no other court has continuing, exclusive jurisdiction of the suit, Section 103.002(a) provides that on the timely motion of a party other than the petitioner, "the court *shall* transfer the proceeding to the county where venue is proper." TEX. FAM.CODE ANN. § 103.002(a) (Vernon Supp. Pamph.1996) (emphasis added). Because the child resided with Sherry in Galveston County at the time the paternity suit was filed, she contends the trial court in Chambers County has a mandatory duty to transfer the case to the proper place of venue, Galveston County.

In contrast, Robert claims the trial court had the *discretion* to transfer venue, but no mandatory duty to do so. He relies on Section 155.201 of the Family Code which provides:

(a) If the basis of a motion to transfer a proceeding under this subchapter is that the child resides in another county, the court may deny the motion if it is shown that the child has resided in that county for less than six months at the time the proceeding is commenced.

(b) For the convenience of the parties and witnesses and in the interest of justice, the court, on timely motion of a party, may transfer the proceeding to a proper court in another county in the state.

TEX. FAM.CODE ANN. § 155.201 (Vernon Supp. Pamph.1996). Because the child had resided in Galveston County less than six months when Robert filed his petition for voluntary paternity, he contends the trial court had the discretion to deny Sherry's motion to transfer venue.

Section 155.201(a), however, is clearly limited to proceedings "under this subchapter." Chapter 155 of the Family Code is entitled "Continuing, Exclusive Jurisdiction; Transfer." Section 155.201 is contained in subchapter "c" of Chapter 155 which is entitled "Transfer of Continuing, Exclusive Jurisdiction." Because Robert's cause of action is an original suit, and the trial court has no continuing, exclusive jurisdiction, Section 155.201 is not applicable here. Robert claims that even if Sections 155.201–155.202 are facially restricted to courts possessing continuing, exclusive jurisdiction, they are also incorporated into Chapter 103 and are, therefore, applicable to original suits. Section 103.002(c) provides:

The procedures in Chapter 155 apply to a transfer of:

(1) an original suit under this section; or

(2) a suit for modification or a motion for enforcement under this title.

TEX. FAM.CODE ANN. § 103.002(c) (Vernon Supp. Pamph.1996). Robert contends the unrestrictive phrase, "the procedures in Chapter 155," incorporates into Chapter 103 all of the subsections of Chapter 155. Because subsections of Chapters 103 and 155 were derived from the same section of a previous code, he argues that the legislature intended the provisions of Chapter 155 to apply to all proceedings referred to by Chapter 103.

While Sections 103.002 and 155.201–155.204 are specifically derived from Section 11.06 of a former code,[1] Chapters 103 and

---

1. *See* TEX. FAM.CODE ANN. § 11.06(b) (repealed and recodified in Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 282).

155 did not entirely derive from section 11.06. Section 103.001 was formerly section 11.04. Several subsections of Chapter 155 derive from former section 11.05, and section 155.104 derives from former section 11.071(c). Thus, any broad characterization that Chapters 103 and 155 derive from Section 11.06 is incorrect. Further, we find it impossible to harmonize the two chapters except in the narrow area of *procedures* for transfer. This is precisely the focus of Section 103.002(c), and we believe the statute refers primarily, if not solely, to Section 155.204 of Chapter 155. Section 155.204 is entitled "Procedure for Transfer," and it establishes the timetables for filing a motion to transfer venue. It is logical that these timetables should apply to any motion to transfer whether it is an original suit or a matter in which a court already has continuing, exclusive jurisdiction.

We agree with the Amarillo Court of Appeals that the length of residency provisions found in Chapter 155 are not applicable in original suits affecting the parent-child relationship. *In re Allen*, 593 S.W.2d 133, 136 (Tex.Civ.App.—Amarillo 1979, no writ). In *Allen*, the wife filed a suit affecting the parent-child relationship, seeking temporary conservatorship and child support, in Lubbock County, having resided there approximately 11 days. *Id.* at 135. Her husband filed suit seeking a divorce, division of property, and establishment of conservatorship of the children three days later in Floyd County. *Id.* The husband filed a motion in the Lubbock case to transfer the proceeding to Floyd County. *Id.* The wife filed a motion in the Floyd County case to abate or dismiss on the ground that the Lubbock County suit took precedence. *Id.* at 135–36. The Lubbock trial court overruled the husband's motion to transfer and the Floyd County court overruled the wife's motion to abate or dismiss. *Id.* at 136. Both courts entered decrees of divorce, but appeal was taken only from the decree granted in Floyd County. *Id.*

The court held that when a suit affecting the parent-child relationship is filed and is not instituted in connection with a suit for divorce, venue is controlled by section 11.04 of the Family Code (now section 103.001). *Id.* The court further noted that section 11.04(a) (now section 103.001(a)) establishes venue generally in the county of the child's residence, subject to certain exceptions in sections 11.04(b) and (c) (now sections 103.001(b) and (c)). *Id.* Finally, the court stated that Title 2 of the Family Code (incorporating all sections regarding the parent-child relationship) contains no provision establishing a minimum length of residence in the county or state before the filing of an original suit affecting the parent-child relationship.[2] *See id.*

In a post-submission brief, Robert contends if we hold Sections 155.201–155.203 are not applicable to original suits we are treating fathers of illegitimate children differently from married fathers and from married or unmarried mothers. He claims this distinction is a violation of the due process and equal protection clauses of the United States and Texas Constitutions. We disagree. Our ruling treats equally all persons who do not have actual care, control, and possession of the child, regardless of their gender or marital status. In enacting the Family Code, the Legislature has provided, and continues to provide, for venue determinations in original suits affecting the parent-child relationship based on the child's residence. We find no violation of Robert's constitutional rights as an unmarried father.

Robert also argues that if we hold Section 103.001, rather than Sections 155.201–155.203, applies to this case, we are allowing unmarried women to engage in wanton forum shopping. Again, our ruling applies equally to all parents, men or women, married or unmarried. If section 103.001 permits forum shopping, then such tactics are statutorily authorized, not only for parents who have actual care, control, and possession of their children, but also for children who are not in the care, control, or possession of a parent or

---

2. Although the court ultimately held proper venue was in Floyd County, this decision was based, not on the mandatory or discretionary provisions of Section 11.06(b), but on Section 3.55, which requires transfer of a suit affecting the parent-child relationship to the county where a suit for divorce is pending. *See Allen*, 593 S.W.2d at 137.

guardian. *See* Tex. Fam.Code Ann. § 103.001(c)(1)-(7) (Vernon Supp. Pamph. 1996).

Based on *Allen* and the lack of cases applying former section 11.06(b) or recodified Sections 155.201–155.203 to original suits affecting the parent-child relationship,[3] we hold that Section 103.001 establishes venue in an original suit. Sections 155.201–155.203 are not applicable to original suits under the incorporation clause of Section 103.002(c). Under Section 103.001, venue was both proper and mandatory in Galveston County. Accordingly, the trial court abused its discretion in refusing to transfer venue to Galveston County.

We conditionally grant the writ of mandamus. The writ will issue only if the respondent fails to transfer this case to Galveston County.

**3.** Cases cited by the real party in interest do not concern original suits. *See, e.g., Martinez v. Flores*, 820 S.W.2d 937 (Tex.App.—Corpus Christi 1991, orig. proceeding)(involves transfer of venue where a party filed a motion to modify).