TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-00-00313-CV

In re Kevin D. Hiles, Relator

ORIGINAL PROCEEDING FROM BELL COUNTY

PER CURIAM

 Relator Kevin Hiles brings this petition for writ of mandamus (1) seeking relief from
the trial-court order denying his motion to transfer a suit affecting the parent-child relationship
(SAPCR) from Bell County to Starr County, where Hiles has a pending SAPCR involving the
same child, J.D.B. Hiles is a former spouse of Leah Blevins, J.D.B.'s biological mother. At the
time Hiles married Blevins, she was raising J.D.B. as a single parent. In October 1996, Blevins
relinquished possession of J.D.B. to relator Hiles. Since then, except for four months in late
1997, J.D.B. has lived in Starr County where she currently resides. (2)

 On May 27, 1997, Hiles filed suit in the County Court at Law of Starr County
seeking to be named managing conservator for J.D.B. Blevins and Mike Cole, the child's alleged
biological father, are parties to that suit. The Starr county court at law has never issued a final
order in that cause. On August 22, 1997, the Starr county court issued temporary orders directing
that J.D.B. remain in Starr County. From August to December 1997, Blevins had possession of
J.D.B. in Bell County without Hiles's consent. On October 9, 1997, Blevins filed suit in the
146th District Court of Bell County seeking to have Mike Cole declared Jordan's biological father
and seeking to have herself named as managing conservator. The Bell County district court has
never issued a final order. Hiles filed a motion to transfer the Bell County cause to Starr County
on March 20, 2000. The court denied Hiles's motion on April 26, 2000.

 Hiles had standing to bring a SAPCR concerning J.D.B. See Tex. Fam. Code Ann.
§ 102.003(a)(9) (West Supp. 2000) (person with actual possession for six months). Venue was
proper in Starr County as the residence of the person with actual possession of the child. See id. 
§ 103.001(c)(3). The Family Code provides for mandatory transfers of original suits filed in the
wrong venue from the improper venue to the proper venue. See id. § 103.002(a). Mandamus is
appropriate to compel a transfer under section 103.002. See McManus v. Wilborn, 932 S.W.2d
662, 663 (Tex. App.--Houston [14th Dist.] 1996, orig. proceeding); see also Proffer v. Yates, 734
S.W.2d 671, 672 (Tex. 1987) (need for expediency and certainty in family law matters rendered
appeal inadequate remedy for venue dispute).

 Accordingly, relator Hiles is entitled to relief and cause number 166,876, filed in
Bell County, should be transferred to Starr County. We conditionally grant the petition for writ
of mandamus. We anticipate that the trial court will comply with the opinion of this Court. The
writ of mandamus will not issue unless the trial court fails to do so.

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Writ of Mandamus Conditionally Granted

Filed: July 13, 2000

Do Not Publish

1. Real party in interest Leah Blevins filed a motion to extend time to file a response to the
petition for writ of mandamus. We have received her response, and grant the motion. Real party
in interest Mike Cole, J.D.B.'s biological father, filed a response to Hiles's petition; he does not
oppose the granting of the petition for writ of mandamus.
2. J.D.B. currently lives with relator Hiles and his current wife, and with her half-sister, the
child of Hiles and Blevins. J.D.B. was born April 2, 1986, and is now fourteen.