**In re Patricia NARVAIZ.**

**No. 09–06–121 CV.**

Court of Appeals of Texas, Beaumont.

Submitted April 11, 2006.

Decided May 11, 2006.

Kathy Hyatt Waldrop, Nunley Davis Jolley Cluck Aelvoet, LLP, Boerne, for relator.

Alton K. Stewart, Jr., Stewart & Stewart, Conroe, for real party in interest.

Before GAULTNEY, KREGER and HORTON, JJ.

### OPINION

PER CURIAM.

This is an original proceeding in which the relator, Patricia Narvaiz, seeks an order to compel the judge of the 221st District Court, Montgomery County, Texas, to transfer a suit affecting the parent-child relationship (SAPCR) to Bexar County, Texas. We conditionally grant the writ.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1999, while residing in Montgomery County, Texas, Patricia Narvaiz gave birth to the child who is the subject of this suit. From the date of the child's birth in 1999, until approximately late October 2002, Patricia and the child resided in Montgomery County with the real party in interest, Roy Brown. Patricia continued to reside in Montgomery County, Texas, until December 26, 2002, at which point she moved,

taking her child with her to Port Lavaca, Texas. In February 2003, Patricia and the minor child moved to San Antonio, Bexar County, Texas.

Between February 2003 and mid-July 2005, Patricia and Roy exchanged the child every one or two weeks. In June 2005, Patricia enrolled the child for school, although school did not actually start until August 2005. On July 16, 2005, the child was in Roy's care, and according to Patricia, Roy told Patricia that he did not intend to return the child to her. Instead, he was going to keep the child and put her in school in Montgomery County. Because Patricia wanted Roy to return the child, she told him that if he did, then he could have the child before school started. Patricia did not return the child as promised.

On August 18, 2005, Roy filed his "Original Petition In Suit Affecting The Parent–Child Relationship." In that suit, Roy asserts he is the father of the minor, that Patricia is the mother of the minor, and that there are no other proceedings affecting the child's relationship. Roy sought to be named a joint managing conservator of the minor child with the exclusive right to designate the child's primary residence. Roy also sought an order requiring Patricia to pay child support. Roy alleged that the minor resided in Montgomery County, Texas.

Patricia responded in September 2005 and filed a motion to transfer venue to Bexar County, Texas. Patricia's affidavit, attached to her motion to transfer venue, states that she is the minor's mother, that the minor lived with her continuously since the minor's birth in 1999, and that since February 2003, she and the minor have been living in Bexar County, Texas. Patricia also filed a general denial to Roy's petition, and a counterclaim. In her counterclaim, Patricia alleges that Roy is the minor's father.

Roy filed a response to Patricia's motion to transfer and attached his affidavit. In Roy's affidavit, he states that he is the minor's father, and that after Patricia moved, and based upon their agreement, the minor lived with him in Montgomery County half the time and with Patricia half the time. Roy's affidavit states that he and Patricia exchanged the minor every two weeks and also states that "at the time this cause of action was filed, [the minor] was living with me in Montgomery County."

Patricia filed a reply to Roy's response, and she included in her reply the affidavit of her employer, Dr. Raymon Reyes. Dr. Reyes indicated that Patricia had worked for him since April 2003, that he had seen and treated the minor child, and that Patricia's records indicated that Patricia was a resident of Bexar County. Patricia also included the affidavit of Frank Longoria, the principal of Radiance Academy. Longoria states in his affidavit that the minor child was enrolled as a full time student beginning August 22, 2005, and that the minor's records indicated that the minor was a resident of Bexar County.

On January 5, 2006, the trial court held an evidentiary hearing on the motion to transfer venue. Patricia and Jessica Canalis, who is also Patricia's daughter, were the only witnesses that testified at the hearing. Patricia testified that in August 2005, when Roy filed his suit, the minor child was in her possession, and had been in her possession since Roy returned the child to her on July 16, 2005. Jessica Canalis confirmed that Patricia and the minor moved to Port Lavaca in December 2002.

At that point, the trial judge indicated that the underlying facts were not in dispute and stated that because the parties

were sharing the actual care, control, and possession of the child, the SAPCR could be brought in the county where either of the parents resided. The court also stated that it was only because Patricia failed to return the child that Roy did not have the minor in his possession when he filed his suit in August. On January 5, 2006, the trial court in a written order denied Patricia's motion to transfer venue. Patricia sought relief from the trial court's order by filing a petition for writ of mandamus on March 27, 2006.

## DISCUSSION

■ Among other rights and absent court orders to the contrary, each parent of a child has a right to physical possession of a child and to designate the residence of the child. Tex. Fam.Code Ann. § 151.001(1) (Vernon Supp.2005). By definition, a presumed parent is a parent of a child where the presumption stands unrebutted. *See* Tex. Fam.Code Ann. § 160.102(11) and (13) (Vernon 2002); Tex. Fam.Code Ann. § 160.201 (Vernon 2002); Tex. Fam.Code Ann. § 160.204(5) (Vernon Supp.2005). The unrebutted evidence before the trial court establishes a prima facie case that Roy is the presumed parent of the minor. Tex. Fam.Code Ann. § 160.204(5).

■ Generally, venue in a suit affecting the parent-child relationship is established based upon the residence of the parent in *actual* care, control, and possession of the minor, and not on the residence of the parent with a *right* to care, control, and possession of the minor. Tex. Fam. Code Ann. § 103.001(c)(2) (Vernon 2002). The Family Code provides the applicable rules regarding venue for suits affecting parent-child relationships. *Id.* at § 103.001.

None of the parties dispute that under the circumstances here Section 103.001

contains the venue rules relevant to the hearing conducted by the trial judge on Patricia's motion to transfer venue. Likewise, the judge relied on the venue provisions of Chapter 103 of the Family Code as the applicable venue rule that applied to the issues in dispute. Therefore, we review whether the trial court's determination was proper under the Family Code venue provisions of Chapter 103.

■ The basic venue rule in an original SAPCR is that the suit is to be filed where the child resides. Tex. Fam.Code Ann. § 103.001(a). Under the Family Code, when both parents reside in the same county, a minor child's residence is deemed to be within the county where the child's parents reside. *Id.* at § 103.001(c).

In this case, the parents reside in different counties. At the time Roy filed suit, he resided in Montgomery County and Patricia's residence was in Bexar County. When the child's parents do not reside in the same county, the Family Code provides a rule to determine the child's residence for purposes of venue for an original SAPCR. Tex. Fam.Code Ann. § 103.001(c)(2). This section provides:

(c) A child resides in the county where the child's parents reside or the child's parent resides, if only one parent is living, except that:

. . . .

(2) if the parents of the child do not reside in the same county and if a managing conservator, custodian, or guardian of the person has not been appointed, the child resides in the county where the parent having actual care, control, and possession of the child resides.

*Id.* If venue is not proper where a party files suit, the trial court "shall transfer the proceeding to the county where venue is

proper." Tex. Fam.Code Ann. § 103.002(a) (Vernon 2002).

■ The issue we must decide is whether the trial court abused its discretion in determining that the evidence met the statute's venue requirements. For the reasons explained below, we hold Patricia's evidence demonstrates that on the date the suit was filed, Patricia had the actual *care*, control, and possession during the relevant statutory period that in this case establishes proper venue in Bexar County.

Resolving this dispute requires that we construe section 103.001(c)(2) of the Family Code. When construing a statute, the court's primary objective is to decide the Legislature's intent and give effect to it. *Texas Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex.2004). To discern that intent, we look to the "plain and common meaning of the statute's words." *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002). We presume that the Legislature intended the entire statute to be effective and we interpret it to give effect to every part. *See* Tex. Gov't Code Ann. § 311.021(2) (Vernon 2005); *Gonzalez*, 82 S.W.3d at 327. We must consider the statute "as a whole" and do not rely just on its "isolate portions." *City of Sunset Valley*, 146 S.W.3d at 642. Thus, we apply the well-settled construction rules "that every word in a statute is presumed to have been used for a purpose" and "that each sentence, clause and word is to be given effect if reasonable and possible." *Texas Workers' Compensation Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 593 (Tex.2000). We also presume the Legislature intended a just and reasonable result that is feasible of execution and favors the public interest over any private interest. *See* Tex. Gov't Code Ann. § 311.021(3)–(5) (Vernon 2005).

■ Statutory interpretation presents a question of law that we review de novo. *Gonzalez*, 82 S.W.3d at 327. Because a trial court has no discretion when evaluating a question of law, we give no particular deference to the trial court's findings. *See Huie v. DeShazo*, 922 S.W.2d 920, 927 (Tex.1996) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding).

■ A court of appeals will issue a writ of mandamus if the trial court abuses its discretion and the relator has no adequate remedy at law. *Walker*, 827 S.W.2d 833, 839–40. A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* at 839. Mandamus relief is available to compel a mandatory transfer of a suit affecting the parent-child relationship. *Proffer v. Yates*, 734 S.W.2d 671, 672 (Tex.1987).

In evaluating the Legislature's intent regarding the "actual care, control, and possession" provision of the statute in issue, we observe that the Family Code does not state whether the relevant time frame for the inquiry is the date the original SAPCR is filed, or whether the relevant time frame for determining whether a party is in "actual care, control, and possession" is an indeterminate time frame prior to the filing of the original SAPCR. However, the Legislature's use of the term "actual" in the statute at issue sheds light on the Legislature's intent.

Since none of the terms in the phrase "actual care, control, and possession" are defined by statute, the terms are construed according to the rules of grammar and common usage. Tex. Gov't Code Ann. § 311.011(a) (Vernon 2005). "Actual" is defined as "in existence or taking place at the time: PRESENT, CURRENT." Webster's Third New International Dictionary 22 (2002). "Care" is defined as

"CHARGE, SUPERVISION, MANAGEMENT: responsibility for or attention to safety and well-being." *Id.* at 338. "Control" is defined as "the act or fact of controlling: power or authority to guide or manage: directing or restraining domination." *Id.* at 496. "Possession" is defined as "the act or condition of having in or taking into one's control or holding at one's disposal." *Id.* at 1770.

At the time of the hearing on Patricia's motion to transfer, it is undisputed that the child lived in both Montgomery County and Bexar County at various times between 1999 and 2005. It is also undisputed that the minor was in Patricia's care, custody, and control while the child was present in Bexar County. Additionally, it is undisputed that after Patricia moved from Montgomery County in December 2002, Roy had the minor in his care, control, and possession when the child was in Montgomery County. Thus, we find no clear abuse of discretion in the trial court's determination that Patricia and Roy each had care, control, and possession over the minor at various times.

However, the trial court then concluded that Roy's and Patricia's arrangement to share possession of the minor allowed Roy to file his original SAPCR in Montgomery County, even though he did not have actual possession of the minor on the date he filed his original SAPCR. In our view, the interpretation of the statute adopted by the trial court improperly extends the statute to allow venue of an original SAPCR to be based on *constructive* as contrasted with *actual* possession of the minor. We reject a judicial construction of the statute that expands the statute beyond the meaning of the terms used by the Legislature.

In our review of this provision of the Family Code, its history, and the common meaning of the terms used by the Legislature, we find no support for the proposition that the Legislature intended to allow constructive care, control, and possession to be sufficient to establish venue in a SAPCR proceeding. Had the Legislature intended to allow an original SAPCR to be filed in the county of residence of either of the child's parents when they reside in different counties but share possession of a child, the Legislature could have done so by eliminating the *actual* care, control, and possession requirement from this provision. Or, had the Legislature desired that the pertinent time frame incorporate a period of time prior to the date of the initial filing of the SAPCR, it could have included this requirement in section 103.001. For example, section 155.203 establishes a six-month time period for determining a child's county of residence for mandatory or discretionary transfers from a court with continuing exclusive jurisdiction. *See* Tex. Fam.Code Ann. § 155.203 (Vernon 2002). However, the statute that applies to an original SAPCR's venue determination does not expressly state the time frame relevant to the court's inquiry into a parent's actual care, control, and possession of a minor child. *See id.* at § 103.001. We conclude that the Legislature's use of the term "actual" rebuts any inference that it intended to incorporate a broader time frame other than the date of filing.

Our conclusion that the Legislature intended to test care, control, and possession on the date of filing is supported by *McManus v. Wilborn,* 932 S.W.2d 662 (Tex. App.-Houston [14th Dist.] 1996, orig. proceeding [leave denied]). In *McManus,* Sherry McManus's former husband filed suit in Chambers County against her to establish paternity over her child born after they were divorced. *Id.* at 663. After their divorce and also after the child's birth, Sherry and her former husband lived together. *Id.* Sherry moved to Gal-

veston County with her child ten days prior to her former husband's filing his original SAPCR. *Id.* The trial court denied Sherry's motion to transfer venue to Galveston County, and Sherry filed a petition for a writ of mandamus with the Houston Court of Appeals. *Id.* Because Sherry and her child resided in Galveston when the original SAPCR was filed, the Houston Court of Appeals granted Sherry's application for writ of mandamus, and overturned the trial court's order denying the transfer. *Id.* The events in *McManus* are analogous to those here.

Roy complains that allowing the party with actual possession of a minor child to file suit and establish venue promotes forum shopping. However, we note that Patricia moved to Bexar County over two and one-half years before Roy filed his original SAPCR, and he had the child in his actual possession on many occasions when he could have fulfilled the statute's requirements of actual care, possession, and control. Thus, Roy had an equal opportunity to take action that would have placed venue in Montgomery County but did not. Also, Chapter 103 establishes venue in the county where the parent in actual possession *resides,* and a residency requirement imputes an element of permanency before a party can be considered a resident of a county. *In re S.D.,* 980 S.W.2d 758, 760–61 (Tex.App.-San Antonio 1998, pet. denied); *see also Snyder v. Pitts,* 150 Tex. 407, 241 S.W.2d 136, 140 (1951) (explaining that residence requirements for breach of oral contracts require: (1) a fixed place of abode within the party's possession; (2) occupied or intended to occupy consistently over a substantial period of time; and (3) which is permanent, and not temporary).

We hold the trial court abused its discretion in denying Patricia's motion to transfer venue to Bexar County, Texas.

We conditionally grant the writ of mandamus. We are confident the trial court will comply with this opinion, and the writ will issue only if the court does not.

WRIT CONDITIONALLY GRANTED.