In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-121 CV


____________________



IN RE PATRICIA NARVAIZ






Original Proceeding






 OPINION 


 This is an original proceeding in which the relator, Patricia Narvaiz, seeks an order
to compel the judge of the 221st District Court, Montgomery County, Texas, to transfer a suit
affecting the parent-child relationship (SAPCR) to Bexar County, Texas. We conditionally
grant the writ. 

FACTUAL AND PROCEDURAL BACKGROUND

 In 1999, while residing in Montgomery County, Texas, Patricia Narvaiz gave birth
to the child who is the subject of this suit. From the date of the child's birth in 1999, until
approximately late October 2002, Patricia and the child resided in Montgomery County with
the real party in interest, Roy Brown. Patricia continued to reside in Montgomery County,
Texas, until December 26, 2002, at which point she moved, taking her child with her to Port
Lavaca, Texas. In February 2003, Patricia and the minor child moved to San Antonio, Bexar
County, Texas. 

 Between February 2003 and mid-July 2005, Patricia and Roy exchanged the child 
every one or two weeks. In June 2005, Patricia enrolled the child for school, although school
did not actually start until August 2005. On July 16, 2005, the child was in Roy's care, and
according to Patricia, Roy told Patricia that he did not intend to return the child to her. 
Instead, he was going to keep the child and put her in school in Montgomery County. 
Because Patricia wanted Roy to return the child, she told him that if he did, then he could
have the child before school started. Patricia did not return the child as promised. 

 On August 18, 2005, Roy filed his "Original Petition In Suit Affecting The Parent-Child Relationship." In that suit, Roy asserts he is the father of the minor, that Patricia is the
mother of the minor, and that there are no other proceedings affecting the child's
relationship. Roy sought to be named a joint managing conservator of the minor child with
the exclusive right to designate the child's primary residence. Roy also sought an order
requiring Patricia to pay child support. Roy alleged that the minor resided in Montgomery
County, Texas. 

 Patricia responded in September 2005 and filed a motion to transfer venue to Bexar
County, Texas. Patricia's affidavit, attached to her motion to transfer venue, states that she
is the minor's mother, that the minor lived with her continuously since the minor's birth in
1999, and that since February 2003, she and the minor have been living in Bexar County,
Texas. Patricia also filed a general denial to Roy's petition, and a counterclaim. In her
counterclaim, Patricia alleges that Roy is the minor's father. 

 Roy filed a response to Patricia's motion to transfer and attached his affidavit. In
Roy's affidavit, he states that he is the minor's father, and that after Patricia moved, and
based upon their agreement, the minor lived with him in Montgomery County half the time
and with Patricia half the time. Roy's affidavit states that he and Patricia exchanged the
minor every two weeks and also states that "at the time this cause of action was filed, [the
minor] was living with me in Montgomery County." 

 Patricia filed a reply to Roy's response, and she included in her reply the affidavit of
her employer, Dr. Raymon Reyes. Dr. Reyes indicated that Patricia had worked for him
since April 2003, that he had seen and treated the minor child, and that Patricia's records
indicated that Patricia was a resident of Bexar County. Patricia also included the affidavit
of Frank Longoria, the principal of Radiance Academy. Longoria states in his affidavit that
the minor child was enrolled as a full time student beginning August 22, 2005, and that the
minor's records indicated that the minor was a resident of Bexar County. 

 On January 5, 2006, the trial court held an evidentiary hearing on the motion to
transfer venue. Patricia and Jessica Canalis, who is also Patricia's daughter, were the only
witnesses that testified at the hearing. Patricia testified that in August 2005, when Roy filed
his suit, the minor child was in her possession, and had been in her possession since Roy
returned the child to her on July 16, 2005. Jessica Canalis confirmed that Patricia and the
minor moved to Port Lavaca in December 2002. 

 At that point, the trial judge indicated that the underlying facts were not in dispute and
stated that because the parties were sharing the actual care, control, and possession of the
child, the SAPCR could be brought in the county where either of the parents resided. The
court also stated that it was only because Patricia failed to return the child that Roy did not
have the minor in his possession when he filed his suit in August. On January 5, 2006, the
trial court in a written order denied Patricia's motion to transfer venue. Patricia sought relief
from the trial court's order by filing a petition for writ of mandamus on March 27, 2006. 

DISCUSSION

 Among other rights and absent court orders to the contrary, each parent of a child has 
a right to physical possession of a child and to designate the residence of the child. Tex.
Fam. Code Ann. § 151.001(1) (Vernon Supp. 2005). By definition, a presumed parent is
a parent of a child where the presumption stands unrebutted. See Tex. Fam. Code Ann. §
160.102(11) and (13) (Vernon 2002); Tex. Fam. Code Ann. § 160.201 (Vernon 2002); Tex.
Fam. Code Ann. § 160.204 (5) (Vernon Supp. 2005). The unrebutted evidence before the
trial court establishes a prima facie case that Roy is the presumed parent of the minor. Tex.
Fam. Code Ann. § 160.204 (5). 

 Generally, venue in a suit affecting the parent-child relationship is established based
upon the residence of the parent in actual care, control, and possession of the minor, and not
on the residence of the parent with a right to care, control, and possession of the minor. Tex.
Fam. Code Ann. § 103.001(c)(2) (Vernon 2002). The Family Code provides the applicable
rules regarding venue for suits affecting parent-child relationships. Id. at § 103.001.

 None of the parties dispute that under the circumstances here Section 103.001
contains the venue rules relevant to the hearing conducted by the trial judge on Patricia's
motion to transfer venue. Likewise, the judge relied on the venue provisions of Chapter
103 of the Family Code as the applicable venue rule that applied to the issues in dispute. 
Therefore, we review whether the trial court's determination was proper under the Family
Code venue provisions of Chapter 103.

 The basic venue rule in an original SAPCR is that the suit is to be filed where the
child resides. Tex. Fam. Code Ann. § 103.001(a). Under the Family Code, when both
parents reside in the same county, a minor child's residence is deemed to be within the
county where the child's parents reside. Id. at § 103.001(c).

 In this case, the parents reside in different counties. At the time Roy filed suit, he
resided in Montgomery County and Patricia's residence was in Bexar County. When the
child's parents do not reside in the same county, the Family Code provides a rule to
determine the child's residence for purposes of venue for an original SAPCR. Tex. Fam.
Code Ann. § 103.001(c)(2). This section provides:

 (c) A child resides in the county where the child's parents reside or the
child's parent resides, if only one parent is living, except that:


 . . . . 


 (2) if the parents of the child do not reside in the
same county and if a managing conservator,
custodian, or guardian of the person has not been
appointed, the child resides in the county where
the parent having actual care, control, and
possession of the child resides.


Id. If venue is not proper where a party files suit, the trial court "shall transfer the proceeding
to the county where venue is proper." Tex. Fam. Code Ann. § 103.002(a) (Vernon 2002). 

 The issue we must decide is whether the trial court abused its discretion in
determining that the evidence met the statute's venue requirements. For the reasons
explained below, we hold Patricia's evidence demonstrates that on the date the suit was filed,
Patricia had the actual care, control, and possession during the relevant statutory period that
in this case establishes proper venue in Bexar County.

 Resolving this dispute requires that we construe section 103.001(c)(2) of the Family
Code. When construing a statute, the court's primary objective is to decide the Legislature's
intent and give effect to it. Texas Dep't of Transp. v. City of Sunset Valley, 146 S.W.3d 637,
642 (Tex. 2004). To discern that intent, we look to the "plain and common meaning of the
statute's words." State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez, 82
S.W.3d 322, 327 (Tex. 2002). We presume that the Legislature intended the entire statute
to be effective and we interpret it to give effect to every part. See Tex. Gov't Code Ann.
§ 311.021(2) (Vernon 2005); Gonzalez, 82 S.W.3d at 327. We must consider the statute "as
a whole" and do not rely just on its "isolated portions." City of Sunset Valley, 146 S.W.3d
at 642. Thus, we apply the well-settled construction rules "that every word in a statute is
presumed to have been used for a purpose" and "that each sentence, clause and word is to be
given effect if reasonable and possible." Texas Workers' Compensation Ins. Fund v. Del
Indus., Inc., 35 S.W.3d 591, 593 (Tex. 2000). We also presume the Legislature intended a
just and reasonable result that is feasible of execution and favors the public interest over any
private interest. See Tex. Gov't Code Ann. § 311.021(3)-(5) (Vernon 2005).

 Statutory interpretation presents a question of law that we review de novo. Gonzalez,
82 S.W.3d at 327. Because a trial court has no discretion when evaluating a question of law,
we give no particular deference to the trial court's findings. See Huie v. DeShazo, 922
S.W.2d 920, 927 (Tex. 1996) (orig. proceeding); Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992) (orig. proceeding). 

 A court of appeals will issue a writ of mandamus if the trial court abuses its discretion
and the relator has no adequate remedy at law. Walker, 827 S.W.2d 833, 839-40. A trial
court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount
to a clear and prejudicial error of law. Id. at 839. Mandamus relief is available to compel a
mandatory transfer of a suit affecting the parent-child relationship. Proffer v. Yates, 734
S.W.2d 671, 672 (Tex. 1987). 

 In evaluating the Legislature's intent regarding the "actual care, control, and
possession" provision of the statute in issue, we observe that the Family Code does not state
whether the relevant time frame for the inquiry is the date the original SAPCR is filed, or
whether the relevant time frame for determining whether a party is in "actual care, control,
and possession" is an indeterminate time frame prior to the filing of the original SAPCR. 
However, the Legislature's use of the term "actual" in the statute at issue sheds light on the
Legislature's intent. 

 Since none of the terms in the phrase "actual care, control, and possession" are 
defined by statute, the terms are construed according to the rules of grammar and common
usage. Tex. Gov't Code Ann. § 311.011(a) (Vernon 2005). "Actual" is defined as "in
existence or taking place at the time : PRESENT, CURRENT." Webster's Third New
International Dictionary 22 (2002). "Care" is defined as "CHARGE, SUPERVISION,
MANAGEMENT : responsibility for or attention to safety and well-being." Id. at 338. 
"Control" is defined as "the act or fact of controlling : power or authority to guide or
manage : directing or restraining domination." Id. at 496. "Possession" is defined as "the
act or condition of having in or taking into one's control or holding at one's disposal." Id.
at 1770. 

 At the time of the hearing on Patricia's motion to transfer, it is undisputed that the
child lived in both Montgomery County and Bexar County at various times between 1999
and 2005. It is also undisputed that the minor was in Patricia's care, custody, and control
while the child was present in Bexar County. Additionally, it is undisputed that after Patricia
moved from Montgomery County in December 2002, Roy had the minor in his care, control,
and possession when the child was in Montgomery County. Thus, we find no clear abuse of
discretion in the trial court's determination that Patricia and Roy each had care, control, and
possession over the minor at various times.

 However, the trial court then concluded that Roy's and Patricia's arrangement to share
possession of the minor allowed Roy to file his original SAPCR in Montgomery County,
even though he did not have actual possession of the minor on the date he filed his original
SAPCR. In our view, the interpretation of the statute adopted by the trial court improperly
extends the statute to allow venue of an original SAPCR to be based on constructive as
contrasted with actual possession of the minor. We reject a judicial construction of the
statute that expands the statute beyond the meaning of the terms used by the Legislature.

 In our review of this provision of the Family Code, its history, and the common
meaning of the terms used by the Legislature, we find no support for the proposition that the
Legislature intended to allow constructive care, control, and possession to be sufficient to
establish venue in a SAPCR proceeding. Had the Legislature intended to allow an original
SAPCR to be filed in the county of residence of either of the child's parents when they reside
in different counties but share possession of a child, the Legislature could have done so by
eliminating the actual care, control, and possession requirement from this provision. Or, had
the Legislature desired that the pertinent time frame incorporate a period of time prior to the
date of the initial filing of the SAPCR, it could have included this requirement in section
103.001. For example, section 155.203 establishes a six-month time period for determining
a child's county of residence for mandatory or discretionary transfers from a court with
continuing exclusive jurisdiction. See Tex. Fam. Code Ann. § 155.203 (Vernon 2002). 
However, the statute that applies to an original SAPCR's venue determination does not
expressly state the time frame relevant to the court's inquiry into a parent's actual care,
control, and possession of a minor child. See id. at § 103.001. We conclude that the
Legislature's use of the term "actual" rebuts any inference that it intended to incorporate a
broader time frame other than the date of filing.

 Our conclusion that the Legislature intended to test care, control, and possession on
the date of filing is supported by McManus v. Wilborn, 932 S.W.2d 662 (Tex. App. -
Houston [14th Dist.] 1996, orig. proceeding [leave denied]). In McManus, Sherry
McManus's former husband filed suit in Chambers County against her to establish paternity
over her child born after they were divorced. Id. at 663. After their divorce and also after
the child's birth, Sherry and her former husband lived together. Id. Sherry moved to
Galveston County with her child ten days prior to her former husband's filing his original
SAPCR. Id. The trial court denied Sherry's motion to transfer venue to Galveston County,
and Sherry filed a petition for a writ of mandamus with the Houston Court of Appeals. Id. 
Because Sherry and her child resided in Galveston when the original SAPCR was filed, the
Houston Court of Appeals granted Sherry's application for writ of mandamus, and
overturned the trial court's order denying the transfer. Id. The events in McManus are
analogous to those here.

 Roy complains that allowing the party with actual possession of a minor child to file
suit and establish venue promotes forum shopping. However, we note that Patricia moved
to Bexar County over two and one-half years before Roy filed his original SAPCR, and he
had the child in his actual possession on many occasions when he could have fulfilled the
statute's requirements of actual care, possession, and control. Thus, Roy had an equal
opportunity to take action that would have placed venue in Montgomery County but did not. 
Also, Chapter 103 establishes venue in the county where the parent in actual possession
resides, and a residency requirement imputes an element of permanency before a party can
be considered a resident of a county. In re S.D., 980 S.W.2d 758, 760-61 (Tex. App. - San
Antonio 1998, pet. denied); see also Snyder v. Pitts, 150 Tex. 407, 241 S.W.2d 136, 140
(1951) (explaining that residence requirements for breach of oral contracts require: (1) a
fixed place of abode within the party's possession; (2) occupied or intended to occupy
consistently over a substantial period of time; and (3) which is permanent, and not
temporary). 

 We hold the trial court abused its discretion in denying Patricia's motion to transfer
venue to Bexar County, Texas. We conditionally grant the writ of mandamus. We are
confident the trial court will comply with this opinion, and the writ will issue only if the court
does not. 

 WRIT CONDITIONALLY GRANTED.

 PER CURIAM


Submitted on April 11, 2006

Opinion Delivered May 11, 2006

Before Gaultney, Kreger and Horton, JJ.