NO.
12-07-00164-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

§          

 

IN RE: MAE PHILLIPS,      §          ORIGINAL
PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            In this
original proceeding, Mae Phillips seeks a writ of mandamus requiring the trial
court to vacate its April 13, 2007 order denying an amended motion to transfer
venue filed by Trevia Phillips.[1] 
We deny the writ.

 

Procedural
Background

            Amber
Phillips filed an original suit affecting the parent-child relationship (SAPCR)
in Smith County, Texas, seeking emergency ex parte relief and appointment as
sole managing conservator of five year old G.K.P.  Amber is the estranged wife of G.K.P.’s maternal
uncle, Tyree Phillips. Pursuant to a writ of attachment issued by the trial
court, G.K.P. was removed from the home of her maternal grandmother, Mae
Phillips, in Odessa, Ector County, Texas and transported to Smith County.  Trevia Phillips, G.K.P.’s biological mother,
filed a motion, and later an amended motion, to transfer the case to Ector
County.  Citing Texas Family Code section
103.001, Trevia alleged that she resided in Ector County and that when the writ
of attachment was issued, G.K.P. was in her actual care, custody, and control
in Ector County.  Mae intervened in the
cause.  After a hearing, the trial court
orally denied Trevia’s amended motion to transfer and signed an order denying
the motion on April 13, 2007.[2] 
This original proceeding followed.

 

Prerequisites
to Mandamus

            Ordinarily, to be entitled to
mandamus relief, a relator must show that the trial court clearly abused its
discretion and that it has no adequate remedy by appeal.  In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding).  The trial court abuses its discretion when it
fails to properly apply the law to the undisputed facts, when it acts
arbitrarily or unreasonably, or when its ruling is based on factual assertions
unsupported by the record.  In re
Kramer, 9 S.W.3d 449, 450 (Tex. App.–San Antonio 1999, orig.
proceeding).  

            As a general
rule, transfer of an original SAPCR is mandatory if venue is improper and a
party other than the petitioner files a timely motion to transfer the case to
the county of proper venue.  Tex. Fam. Code Ann. § 103.002(a)
(Vernon 2002); McManus v. Wilborn, 932 S.W.2d 662, 666 (Tex. App.–Houston
[14th Dist.] 1996, orig. proceeding [leave denied]).  Despite the availability of an appeal,
mandamus is available to compel the mandatory transfer of a SAPCR.  McManus, 932 S.W.2d at
663.  This is so because appeal is “frequently
inadequate to protect the rights of parents and children to a trial in a
particular venue.”  McManus,
932 S.W.2d at 663 (quoting Proffer v. Yates, 734 S.W.2d 671, 673
(Tex. 1987)); see also Tex. Fam.
Code Ann. § 155.204(h) (Vernon Supp. 2006) (order transferring or
refusing to transfer is not subject to interlocutory appeal).  Consequently, in this case, we need address
only whether the trial court clearly abused its discretion in denying Trevia’s
amended motion to transfer.  

 

Abuse of
Discretion

            Mae contends that the trial court
abused its discretion in denying the motion because Trevia resides in Ector
County and had actual care, control, and possession of G.K.P. at the time the
SAPCR was filed.  See Tex. Fam. Code Ann. § 103.001(c)(2)
(Vernon 2002) (if parents of child do not reside in same county and no managing
conservator, custodian, or guardian of the person has been appointed, child
resides in county where parent having actual care, control, and possession of
child resides).  Amber, who resides in
Smith County, asserts that she had the right to control G.K.P.’s residence when
she filed the SAPCR because she had a written statement from Trevia dated
May 11, 2005 giving her that right. 
In this statement, Trevia gave Amber and Tyree “managing conservatorship
and full custody” of G.K.P. and described their responsibilities as “[caring]
for [G.K.P.] financially, day care/school enrollment, medical, housing/living
arrangements any and all including any relocations in the future outside of
Ector County - Odessa, TX, travel, and any and all other needs that arise for
[G.K.P.] who has resided with Amber + [sic] Tyree since Feb. 2002.”[3]
 Therefore, she concludes, venue is
proper in Smith County and the trial court properly denied Trevia’s motion to
transfer.  

The Hearing

            The
procedures in Texas Family Code Chapter 155 apply to the transfer of an
original SAPCR.  Tex. Fam. Code Ann. § 103.002(c)(1) (Vernon 2002).  Under Chapter 155, if a timely motion to
transfer venue has been filed and no controverting affidavit is filed within
the time prescribed, the trial court has a mandatory duty to transfer the case
promptly without a hearing.  See Tex. Fam. Code Ann. §155.204(c) (Vernon
Supp. 2006).  If a controverting
affidavit is filed, a hearing must be held, but only evidence pertaining to the
transfer may be taken at the hearing.  See
Tex. Fam. Code Ann. § 155.204(e),
(f) (Vernon Supp. 2006).  Amber did not
challenge the timeliness of Trevia’s motion, and neither Trevia nor Mae
asserted that Amber’s objection was defective.[4]  Consequently, the trial court was required to
conduct a hearing on the motion, see Tex.
Fam. Code Ann. § 155.204(e), (f), and did so on March 23,
2007.  

            At the
hearing, Trevia had the burden to show that venue was proper in Ector
County.  See Pratt v. Tex. Dep’t of
Human Res., 614 S.W.2d 490, 493 (Tex. Civ. App.–Amarillo 1981, writ ref’d
n.r.e.).  The reporter’s record shows
that Trevia’s counsel presented argument, but informed the trial court that “we
want[] to decide [the matter] only on the pleadings, not on any testimony or
any other evidence per [Texas Rule of Civil Procedure] 87, and that’s what—that’s
what we were going on.  The Court shall
decide it on the pleadings, affidavits, stipulations between the parties.”[5]  However, the procedures in Chapter 155 were
designed to supplant the rules of civil procedure applicable to transfer of
venue in ordinary civil cases.  Leonard
v. Paxson, 654 S.W.2d 440, 441 (Tex. 1983) (interpreting predecessor
section); In re Leder, 2007 WL 1953877, at *2.  Therefore, the procedures in Chapter 155 are
the exclusive mechanisms for challenging venue and for transferring the case in
a SAPCR.  In re Leder, No.
01-07-00453-CV, 2007 WL 1953877, at *2 (Tex. App.–Houston [1st Dist.]
July 6, 2007, orig. proceeding [mandamus denied]).  Rule 87 does not apply.  See Leonard, 654 S.W.2d
at 441; In re Leder, 2007 WL 1953877, at *2.       

            The record
here includes Amber’s original petition and an affidavit in support of her
request for emergency habeas relief, 
Trevia’s verified amended motion to transfer, Amber’s objection to the
transfer, and the reporter’s record of the transfer hearing.  Pleadings are not competent evidence even if
they are sworn or verified, see Laidlaw Waste Systems (Dallas), Inc. v.
City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995), and motions are not
evidence.  Clayton, 169
S.W.3d at 684.  Unless introduced into
evidence, an affidavit attached to a pleading will not be considered as
evidence.  Estate of Nelson v. Neal,
764 S.W.2d 322, 325 (Tex. App.–Texarkana 1988), aff’d, 787 S.W.2d 343
(Tex. 1990).  And finally, arguments of
counsel are not evidence.  See Clayton
v. Wisener, 169 S.W.3d 682, 684 (Tex. App.–Tyler 2005, no pet.).  Trevia did not introduce any affidavits,
stipulations, testimony, or other evidence at the transfer hearing.  Because Trevia introduced no evidence at the
hearing, she failed to show that venue was proper in Ector County.  Accordingly, the trial court did not abuse
its discretion in denying Trevia’s amended motion to transfer venue.

 

Disposition

            Because Mae
has not shown that the trial court abused its discretion in denying Trevia’s
amended motion to transfer, Mae’s petition for writ of mandamus is denied.  

 

 

                                                                                         JAMES T. WORTHEN                                                                                                                   Chief Justice

Opinion delivered October 17,
2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

(PUBLISH)











[1] The
real party in interest is Amber Phillips. 
The respondent is the Honorable Carole W. Clark, Judge of the 321st
Judicial District Court, Smith County, Texas.





[2] Although
Mae was not named as a movant in the amended transfer motion, the allegations
in Mae’s mandamus petition are sufficient to show that she has adopted the
motion by reference.  See Tex. R. Civ. P. 58.





[3] Tyree
is not a party in the trial court or in this court.





[4] Because
the issue is not before us, we express no opinion on whether Amber’s written
objection to the transfer complied with section 155.204.





[5] Under
Rule 87, the trial court determines a motion to transfer venue based on the
pleadings, any stipulations by and between the parties, and any affidavits and
attachments filed according to the rules of procedure.  Tex.
R. Civ. P. 87(3)(b).