# MAY, 1939

EFFIE HOLLAND, GUARDIAN, V. WM. T. BAILEY ET AL.

No. 7142. Decided May 3, 1939.
(127 S. W., 2d Series, 446.)

*Kilgore & Rogers,* of Wichita Falls, for plaintiff in error.

*Morriss & Morriss,* of San Antonio, for defendant in error.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

This cause originated in the filing of Mrs. Effie Holland, guardian of the person of Marguerite Hersey, a person of unsound mind, of an application for the complete removal of the guardianship from Kerr County, where the guardianship proceedings were pending, to Wichita County, it being alleged in the application that the ward, both by acts of the guardian of the person and by her own acts, had become a bona fide resident of Wichita County. Removal of the guardianship was sought in accordance with the provisions of Chapter 47, Acts Regular Session, 43rd Legislature (Article 4295a, Vernon's Annotated Texas Civil Statutes). The application was contested by defendants in error, and after trial before a jury in district court, to which the cause was appealed from the county court, judgment was rendered denying the applica-

tion. The Court of Civil Appeals affirmed the judgment of the district court. 93 S. W. (2d) 810.

Defendants in error have filed a motion to dismiss the cause, alleging that the cause has become moot since the granting of the application for writ of error. The facts set out in the motion and supported by affidavits are that plaintiff in error Mrs. Effie Holland on April 10, 1937, married R. S. Howell, a resident of Bexar County, and thereupon changed her place of residence from Wichita County to Bexar County, and continuously resided in Bexar County until she died there on May 29, 1937; and that Mrs. Howell took the ward, Marguerite Hersey, from Wichita County to Bexar County in April, 1937, from which time the ward has remained and yet remains in Bexar County. Answer filed by the attorneys for plaintiff in error to the motion to dismiss does not controvert the foregoing facts. The only contention made in the answer is that in the event of dismissal costs incident to the appeal should be taxed against defendants in error because the assignments in the application for writ of error are well taken.

It is apparent that the cause, the application for the removal of the guardianship proceedings to Wichita County, has become moot. This being true, the questions presented by the assignments of error have become abstract and will not be decided for the purpose of ascertaining liability for costs. Lacoste v. Duffy, 49 Texas 767; 30 Am. Rep. 122; Ledbetter v. Ledbetter, 229 S. W. 576.

The judgments of the Court of Civil Appeals and the trial courts are set aside and the cause is dismissed. Costs in this Court, the Court of Civil Appeals and the trial courts are taxed against plaintiff in error.

Opinion adopted by the Supreme Court May 3, 1939.