In the Matter of the ESTATE OF L.W. IZER, Deceased.

No. 13-84-243-CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 21, 1985.

Rehearing Denied April 11, 1985.

James F. Scherr, El Paso, for appellant.

J.M. Fly, Victoria, for appellee.

Before UTTER, KENNEDY and KEITH [1], JJ.

## OPINION

UTTER, Justice.

This is an appeal from an order of the County Court at Law No. 1 of Victoria County transferring the subject probate proceeding to Lavaca County and assessing costs against appellant Louie Mae Pinckard, who contests the will admitted to probate by the trial court.

On July 13, 1983, appellee Drusey Manna Izer, the beneficiary and independent executrix under the will of her deceased husband Leo W. Izer, filed in the trial court her application to probate the will. In her Application for Probate of Will, appellee alleged (1) that appellee, "an individual interested in this estate," was a resident of Jackson County, (2) that the decedent died on July 6, 1983, in Hallettsville, Lavaca County at the age of 85 years and (3) that the trial court had jurisdiction and venue over the estate of the decedent because, even though the decedent had no fixed place of residence in Victoria County, the decedent's principal estate was situated in Victoria County at the time of his death. On July 20, 1983, Lucille Werner filed in the trial court her Affidavit of Residence of Decedent alleging that the decedent and appellee had resided in Lavaca County for one year prior to his death. On July 28, 1983, the trial court admitted to probate the will of the decedent and appointed appellee as independent executrix without a bond. In said order, the trial court found that it "has jurisdiction and venue over this estate."

On October 21, 1983, appellant filed in the trial court her Heir's Motion to Dismiss for Lack of Venue, Removal of Independent Executrix and Bond for Independent Executrix, wherein she alleged:

## I.

Movant moves this Court to dismiss the above styled and numbered cause for lack of venue. Upon Deceased's death on July 6, 1983, Deceased's domicile was El Paso County, Texas. At no time has Deceased resided in or been domiciled in Victoria County, Texas. Deceased died in Lavaca County, Texas. Decedent owned no real property in Victoria County, Texas. No grounds exist for venue in Victoria County, Texas.

\*   \*   \*   \*   \*   \*

Alternatively, and without waiving the foregoing, Movant moves this Honorable Court to transfer the above styled and numbered cause to El Paso County, Texas, a county with proper venue.

On January 13, 1984, appellant filed in the trial court her Opposition to Probate of Will and to Issuance of Letters Testamentary, contesting appellee's Application for Probate of Will.

In its findings of fact relating to appellant's motion to dismiss for lack of venue, the trial court found the following: The decedent died on July 6, 1983, in Hallettsville, Lavaca County, where he had been living in a trailer home for approximately one (1) year. The decedent was only survived by his wife, Drusey Manna Izer (appellee), and his daughter, Louie Mae Pinckard (appellant). The decedent neither resided nor owned any real property in Victoria County. At the time of the decedent's death, the decedent's car, personal clothing, personal effects and some of his financial instruments (including bank books and C.D.'s) were located in Hallettsville, Lavaca County. Prior to living in Hallettsville, Lavaca County, the decedent lived in his trailer home in, among other places, El Paso, Marfa and San Angelo. Decedent had lived in El Paso County continuously from 1929 through at least 1972.

In its conclusions of law relating to appellant's motion to dismiss for lack of ven-

---

**1.** Associate Justice, Court of Appeals, Ninth Supreme Judicial District (Ret.), sitting by designation. *See* Art. 1812, as amended.

ue, the trial court held as follows: At the time of the decedent's death, the decedent's principal residence was Hallettsville, Lavaca County. The decedent had been neither a resident nor a domicilary of Victoria County. At the time of the filing of the application for probate, the trial court "had no jurisdiction" and "had no venue" over the estate of the decedent. Appellant does not challenge any of the trial court's findings of fact and conclusions of law.

■ In her second point of error, appellant asserts that the trial court erred in transferring the case to Lavaca County because the trial court did not have jurisdiction. However, it is clear that the trial court had subject matter jurisdiction over the probate proceeding. TEX.REV.CIV. STAT.ANN. art. 1970–356 (Vernon Supp. 1984) provides, in pertinent part, that the County Court at Law No. 1 of Victoria County has "the same jurisdiction over all causes and proceedings, civil, criminal, juvenile, and *probate*, original and appellate, prescribed by law for County Courts, and its jurisdiction is concurrent with that of the County Court of Victoria County." (Emphasis added.) TEX.PROB.CODE ANN. § 4 (Vernon Supp.1985) provides:

§ 4. Jurisdiction of County Court with Respect to Probate Proceedings

The county court shall have the general jurisdiction of a probate court. It shall probate wills, appoint guardians of minors and incompetents, grant letters testamentary and of administration and guardianship, settle accounts of personal representatives, and transact all business appertaining to estates subject to administration or guardianship, including the settlement, partition, and distribution of such estates. It may also appoint guardians for other persons where it is necessary that a guardian be appointed to receive funds from any governmental source or agency.

Therefore, the trial court erred in concluding that it "had no jurisdiction" over the estate of the decedent.

In her first point of error, appellant alleges that the trial court erred in not limiting its judgment to an order of dismissal for lack of jurisdiction. Appellant argues that, since the trial court held in its conclusions of law that it had neither jurisdiction nor venue over the decedent's estate, the only appropriate action, which the trial court could have taken, was to enter an order of dismissal for lack of jurisdiction. Since we have held that the trial court had jurisdiction over the decedent's estate, we must now determine whether the trial court, which had jurisdiction, could validly transfer the subject probate proceeding to a county, which had "proper venue" or "priority of venue."

Regarding venue in probate proceedings, TEX.PROB.CODE ANN. § 6 (Vernon Supp.1985) provides:

§ 6. Venue for Probate of Wills and Administration of Estates of Decedents

Wills shall be admitted to probate, and letters testamentary or of administration shall be granted:

(a) In the county where the deceased resided, if he had a domicile or fixed place of residence in this State.

(b) If the deceased had no domicile or fixed place of residence in this State but died in this State, then either in the county where his principal property was at the time of his death, or in the county where he died.

(c) If he had no domicile or fixed place of residence in this State, and died outside the limits of this State, then in any county in this State where his nearest of kin reside.

(d) But if he had no kindred in this State, then in the county where his principal estate was situated at the time of his death.

(e) In the county where the applicant resides, when administration is for the purpose only of receiving funds or money due to a deceased person or his estate from any governmental source or agency; provided, that unless the mother or father or spouse or adult child of the deceased is applicant, citation shall be served personally on the living parents and spouses and adult children, if any, of

the deceased person, or upon those who are alive and whose addresses are known to the applicant.

Regarding transfer of probate proceedings for want of venue, TEX.PROB.CODE ANN. § 8(c) and (e) (Vernon Supp.1985) provides:

(c) Transfer of Proceeding

(1) Transfer for Want of Venue. If it appears to the court at any time before the final decree that the proceeding was commenced in a court which did not have priority of venue over such proceeding, the court shall, on the application of any interested person, transfer the proceeding to the proper county by transmitting to the proper court in such county the original file in such case, together with certified copies of all entries in the minutes theretofore made, and administration of the estate in such county shall be completed in the same manner as if the proceeding had originally been instituted therein; but if the question as to priority of venue is not raised before final decree in the proceedings is announced, the finality of such decree shall not be affected by any error in venue.

*     *     *     *     *     *

(e) Jurisdiction to Determine Venue. Any court in which there has been filed an application for proceedings in probate shall have full jurisdiction to determine the venue of such proceeding, and of any proceeding relating thereto, and its determination shall not be subject to collateral attack.

■ Under TEX.PROB.CODE § 8(e), the trial court had "full jurisdiction" to determine the proper venue of the subject probate proceeding. We hold that, under TEX.PROB.CODE § 8(c)(1), appellant's own motion to dismiss for lack of venue was a sufficient "application of any interested person" to invoke the trial court's authority to transfer the case for want of venue to the "proper county" having "priority of venue."[2] In addition, we hold

that, as supported by the unchallenged findings of fact (which are supported by the evidence presented at the hearing on the motion), the trial court did not have "priority of venue" and Lavaca County, not El Paso County (as alleged in the motion), was the "proper county" having "priority of venue" under TEX.PROB.CODE § 6; and therefore, the trial court acted properly in transferring the case to Lavaca County, the "proper venue" for the purpose of this lawsuit, and in not limiting its judgment to an order of dismissal for lack of jurisdiction. Appellant's first and second points of error are overruled.

■ In her third point of error, appellant asserts that the trial court erred in assessing costs against appellant because "[i]t is clear that the applicant filed this case in an improper court" and "[c]osts should be taxed against the party who brought the suit in the wrong court." However, we hold that the trial court did not abuse its discretion in assessing costs against appellant. *See* TEX.PROB.CODE ANN. § 12 (Vernon Supp.1985); *see also* TEX.R. CIV.P. 86–89. Appellant's third point of error is overruled.

■ In her fourth point of error, appellant asserts that "[t]he trial court erred in entering the order of January 19, 1984, abating all proceedings until further order of the Court and denying the Appellant the right of discovery." However, we note that the record does not reflect the alleged order of January 19, 1984. Therefore, there is nothing presented before us to review. Appellant's fourth point of error is overruled.

The judgment of the trial court is AFFIRMED.

---

2. We note that, although it requested that the case be transferred to El Paso County, "a county with proper venue," the motion alleged certain

facts, which indicated that Lavaca County was "a county with proper venue."