In the GUARDIANSHIP OF
W. Vincent MURPHY, an
Incapacitated Person.

No. 2–99–132–CV.

Court of Appeals of Texas,
Fort Worth.

July 29, 1999.

Rehearing Overruled Oct. 21, 1999.

Bourland, Kirkman, Seidler & Evans, David Evans, Jose, Henry, Brantley & Keltner, David Keltner, Fort Worth, for Appellants.

Crain, Cayton & James, Sharon Brand Gardner, Darlene Payne Smith, Sarah Patel Pacheco, Christopher A. Prine, Hennessy, Gardner & Barth, Edward J. Hennessy, Lawter & Lawter, Jack W. Lawter, Houston, for Appellees.

## OPINION

RICHARDS, Justice.

Dottie Murphy and Frances Marie Murphy have appealed the trial court's order transferring the business of the ward's guardianship from Wichita County to Harris County under section 612 of the probate code. *See* TEX. PROB.CODE ANN. §§ 612–614 (Vernon Supp.1999). On May 20, 1999, we notified appellants of our concern that we lack jurisdiction over this appeal because the transfer order is not a final, appealable order. We further notified appellants that the appeal would be dismissed unless they or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal. *See* TEX.R.APP. P. 42.3. Appellants have responded ably and at length, raising several thought-provoking arguments in favor of our jurisdiction. After careful consideration, however, we conclude that the trans-

fer order is not final and appealable. Accordingly, we dismiss the appeal for want of jurisdiction.

A final order of a court that exercises original probate jurisdiction is appealable to this court. *See* Tex. Prob.Code Ann. §§ 5(f), 606(f) (Vernon Supp.1999). To be final and appealable, the order need not fully dispose of the entire proceeding. *See Crowson v. Wakeham*, 897 S.W.2d 779, 782 (Tex.1995). Instead, the reviewing court applies the following test to determine whether the order is final and appealable:

> If there is an express statute ... declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.* at 783; *see also A & W Indus. v. Day*, 977 S.W.2d 738, 740 (Tex.App.—Fort Worth 1998, no pet.).

The probate code does not provide that a section 612 transfer order is final and appealable; thus, the order is not final unless it disposes of all parties and issues at a particular phase in the ward's guardianship proceeding. In this case, the transfer order is not final and appealable because it did not dispose of *any* parties or issues in any particular phase of the guardianship. The order just changed the venue in which those issues and parties will be decided. *See, e.g., Forlano v. Joyner*, 906 S.W.2d 118, 120 (Tex.App.—Houston [1 st Dist.] 1995, no writ) (holding that transfer order under section 608 of probate code did not resolve a severable claim and therefore could never, by itself, be appealable under *Crowson*).

Appellants cite several cases in which venue rulings concerning guardianships were appealed before the entire guardianship proceeding was disposed of. *See, e.g.,*

*In re Hersey's Guardianship*, 93 S.W.2d 810, 812 (Tex.Civ.App.—San Antonio 1936), *judgment dism'd as moot sub nom, Holland v. Bailey*, 133 Tex. 150, 127 S.W.2d 446 (1939, op. adopted); *In re Estate of Izer*, 693 S.W.2d 481, 483–84 (Tex. App.—Corpus Christi 1985, writ ref'd n.r.e.). But all of these cases predate *Crowson*, and, with one exception, they also predate the enactment of legislation prohibiting an interlocutory appeal from a venue determination. *See* Tex. Civ. Prac. & Rem.Code Ann. § 15.064(a) (Vernon 1986) (providing that "[n]o interlocutory appeal shall lie from the [venue] determination."); *see also* Tex.R. Civ. P. 87(6) ("There shall be no interlocutory appeals from [a venue] determination."). In addition, none of the cases discuss the appellate jurisdiction issue.

At oral argument, appellants contended the *Crowson* test is comprised of two components: (1) does the order being appealed completely finish a distinct, separate phase of the guardianship proceeding; and (2) if so, did the order involve a substantial right? If both of these elements are present, appellants contend the order at issue is final and appealable.

Appellants also devote a significant portion of their argument to their contention that the transfer order is final and appealable because it affects a substantial right. We do not reach this issue, however, because, as we have discussed, the transfer order did not dispose of any phase in the ward's guardianship proceeding. There is case law to the effect that whether a probate order adjudicates a substantial right factors into the finality determination. *See, e.g., Spies v. Milner*, 928 S.W.2d 317, 318 (Tex.App.—Fort Worth 1996, no writ); *Vineyard v. Irvin*, 855 S.W.2d 208, 210 (Tex.App.—Corpus Christi 1993, no writ). Most of these cases predate *Crowson*, however, and they do not discuss the *Crowson* test. *Crowson* itself discusses the "substantial right" language but does not include it in the test for determining finality. *See Crowson*, 897 S.W.2d at 783. Conse-

quently, we question whether the "adjudication of a substantial right" inquiry is still viable post-*Crowson*. Moreover, at least one Texas court has held an order granting or denying a motion to transfer under section 608 of the probate code does *not* affect the substantial rights of any party and therefore is not final. *See Grounds v. Lett*, 718 S.W.2d 38, 39 (Tex.App.—Dallas 1986, no writ).

■ Appellants also argue that, if the transfer order itself is not final, they will not be able to appeal it until the guardianship is terminated, which may not be until the ward dies. By making this argument, appellants say too much. If the guardianship proceeding itself is a single phase, the transfer order is interlocutory and not appealable. Conversely, if a motion to transfer could be a phase in a guardianship proceeding (which it is not, in this case), then a guardianship has multiple phases. Appellants can appeal the transfer order after entry of any order disposing of all issues and parties in any one of those phases.[1] The fact that the order would be appealed to a Houston appellate court rather than this court should not factor into the jurisdiction determination.

Because the transfer order at issue did not dispose of any parties or issues in any particular phase of the ward's guardianship proceeding, it is not final and appealable, and we lack jurisdiction to review it. Accordingly, we dismiss the appeal for want of jurisdiction.

BRIGHAM, Justice, dissenting.

I would hold that the trial court's order transferring the business of the ward's guardianship from Wichita County to Harris County under section 612 is final for purposes of appeal; therefore, I respectfully dissent.

The case law regarding the appealability of probate orders is somewhat unsettled. *See Christensen v. Harkins*, 740 S.W.2d 69, 72 (Tex.App.—Fort Worth 1987, no writ). Because the legislature cannot conceivably identify in advance what types of orders should be immediately appealable or predict when in a particular case an earlier rather than later review of an interlocutory order is compelling, the question of whether an order is final for purposes of appeal is frequently left to the courts. *See, e.g., Kelley v. Barnhill*, 144 Tex. 14, 188 S.W.2d 385, 386 (1945) (determining that an order overruling a plea in abatement to petition to probate will was merely interlocutory, and was therefore not appealable); *Stubbs v. Ortega*, 977 S.W.2d 718, 721 (Tex.App.—Fort Worth 1998, pet. denied) (addressing the issue because there is no express statute which declares the trial court's order to allow a guardian to file for divorce on behalf of her ward is a final and appealable order). In making such a determination in the context of probate law, we have some guidance.

To authorize an appeal of a probate matter, it is not necessary that the order to be appealed be one that fully and finally disposes of the entire probate proceeding; it must be one which finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding is brought. *See Kelley*, 188 S.W.2d at 386 (interpreting the predecessor to section 5(f) of the probate code). Absent an express statute declaring the phase of the probate proceeding to be final and appealable, the supreme court has determined that "if there is a proceeding of which the order in question may

---

1. Since appealing the transfer order, appellants have also appealed several other orders in the ward's guardianship proceeding: a sanctions order; an order dismissing causes of action in Archer and Wichita Counties; an order granting the ward's motion in limine that appellants have interests adverse to the ward; another transfer order; and an order terminating the guardianship. Appellants have acted to perfect their appeals of these matters in both this court and the First or Fourteenth Court of Appeals. They do not explain why the transfer order would not be appealable with any one or all of these other orders, which, presumably, appellants believe are final.

logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory." *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex.1995).

The Corpus Christi court determined that a "substantial right" makes the probate order appealable. *See Estate of Wright*, 676 S.W.2d 161, 163 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). The "substantial right" language is merely one of the factors for determining whether a probate order is appealable, but equally important is the supreme court's language that the order must dispose of all issues in the phase of the proceeding for which it was brought. *See Crowson*, 897 S.W.2d at 783.

Although the majority acknowledges that an order need not fully dispose of the entire proceeding to be final and appealable, instead of applying the *Crowson* test, it appears to apply the general rule that appellate jurisdiction exists only in cases in which a final judgment has been rendered that disposes of all issues and parties in the case. *See Jani–King of Memphis, Inc. v. Yates*, 965 S.W.2d 665, 666 (Tex.App.—Houston [14th Dist.] 1998, no pet.). But the term "final judgment" applies differently in different contexts.[1] *See Street v. Second Court of Appeals*, 756 S.W.2d 299, 301 (Tex.1988).

In *Crowson*, the "proceeding" was the heirship determination. *See Crowson*, 897 S.W.2d at 781. The "order in question" was a summary judgment order, determining that the claimant Crowson was not an heir. *See id.* In holding that the summary judgment against Crowson was interlocutory, and thus, not appealable absent a severance, the supreme court recognized that the summary judgment was logically a part of the heirship determination, but it did not dispose of the heirship claims of all the intervenors. *See id.* at 783. Therefore, the summary judgment did not dispose of that whole "particular phase" of the probate proceeding. *See id.* Also, the court in *Crowson* took into consideration the express probate code provision that a judgment in a proceeding to declare heirship is final and appealable. *See id.* at 782; TEX. PROB.CODE ANN. § 55(a) (Vernon 1980). In other words, the court recognized that a determination that Crowson was not an heir could not be a final order where the issue of who the heirs were had not yet been addressed and the pertinent statute provided that a judgment identifying the heirs was final and reviewable. *See Crowson*, 897 S.W.2d at 782.

Here, the "proceeding" is the guardianship, and the "order in question" is the order transferring the business of the guardianship to Harris County. A guardianship is not an ordinary lawsuit, but is an ongoing proceeding in which various orders are made from time to time. Although there is no express statute providing that a judgment in an ongoing guardianship is final and appealable, as in a suit to determine heirship, it is also worthy to note that there is no express provision that an order transferring the business of a guardianship is not subject to interlocutory appeal.[2]

---

1. For example, in the context of executions, a garnishment action, although ancillary to the underlying suit, is a separate proceeding. *See Holtzman v. Holtzman*, 993 S.W.2d 729, 731–32 (Tex.App.—Texarkana 1999, pet. filed). Because it is a separate proceeding, an appeal will lie from a final judgment in a garnishment suit independently of the underlying suit. *See Varner v. Koons*, 888 S.W.2d 511, 513 (Tex.App.—El Paso 1994, no writ). In the summary judgment context, an order is final only if it disposes of all parties and all issues in a case. *See North East Indep. School Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966).

2. There is such a prohibition in the family code. Section 155.204 provides that "[a]n order transferring or refusing to transfer the [suit affecting the parent-child relationship] is not subject to interlocutory appeal." TEX. FAM. CODE ANN. § 155.204(e) (Vernon 1996).

Because the order transferring the business of the guardianship fully disposed of a "particular phase" of the guardianship, was conclusive of the question for which that part of the proceeding was brought, and left no issues outstanding with regard to the forum of the core guardianship, it is a final order for purposes of appeal.

If the transfer of the core guardianship proceeding is not appealable now, when would it be appealable? The majority opinion, I believe, disregards the supreme court's policy to avoid constructions that defeat bona fide attempts to appeal. *See Crowson*, 897 S.W.2d at 782. It is for these reasons that I dissent.