In the ESTATE OF Irma Lou WILCOX.

No. 09–05–523 CV.

Court of Appeals of Texas, Beaumont.

Submitted April 13, 2006.

Decided May 11, 2006.

David R. Toups, Toups Law Firm, LLP, Bryan, for appellant.

Russell S. Briggs, Fibich, Hampton & Leebron, Houston, for appellees.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

1. The parties agree that Peter never served as an independent co-executor of the estate.

2. In a separate appeal, we affirmed the summary judgment.

## OPINION

STEVE McKEITHEN, Chief Justice.

Appellant Mary Lou Wilcox appeals from an order awarding attorney's fees to appellee Peter Wilcox. We reverse and render.

## BACKGROUND

Mary Lou Wilcox and her brothers, H. Douglas Wilcox ("Doug"), Rex E. Wilcox, and Peter V. Wilcox were named as beneficiaries under the will of their mother, Irma Lou Wilcox. The will named Doug and Rex as independent co-executors and Peter as an alternate co-executor.[1] After the will was admitted to probate, Mary Lou sued Doug, Rex, and Peter, as well as an accountant and his firm. Mary Lou alleged numerous causes of action, including fraud, negligent misrepresentation, civil conspiracy, negligence, professional malpractice, breach of fiduciary duty, conversion, and tortious interference with inheritance rights. Mary Lou also sought a "full, complete, truthful and lawful inventory and accounting of the properties of the Estate."

Peter filed a hybrid motion for summary judgment. See Tex.R. Civ. P. 166a(c), (i). The trial court entered an order granting summary judgment in favor of Peter and severed Mary Lou's claims against Peter into a separate cause.[2] After the trial court granted summary judgment, Peter filed a motion seeking attorney's fees pursuant to section 243 of the Probate Code.[3] See Tex. Prob.Code Ann. § 243 (Vernon 2003). The trial court entered an order awarding Peter attorney's fees in the amount of $18,287.50. Mary Lou then filed this appeal.

3. Peter's motion did not assert that any other section of the Probate Code permitted him to recover attorney's fees.

## MARY LOU'S FIRST ISSUE

■ In her first issue, Mary Lou contends the trial court erred in awarding attorney's fees pursuant to section 243 of the Probate Code when no will contest had been filed. Section 243 provides as follows:

When any person designated as executor in a will or an alleged will, or as administrator with the will or alleged will annexed, defends it or prosecutes any proceeding in good faith, and with just cause, for the purpose of having the will or alleged will admitted to probate, whether successful or not, he shall be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings. When any person designated as a devisee, legatee, or beneficiary in a will or an alleged will, or as administrator with the will or alleged will annexed, defends it or prosecutes any proceeding in good faith, and with just cause, for the purpose of having the will or alleged will admitted to probate, whether successful or not, he may be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings.

Tex. Prob.Code Ann. § 243 (Vernon 2003).

Peter contends he may recover his attorney's fees under section 243 because he "is a named beneficiary forced to defend the will in response to Mary Lou's allegations that he ... breached duties owed under the will and interfered with her inheritance rights." See id. Peter also asserts he "has standing under the statute because Mary Lou specifically sued him as alternate independent co-executor of the estate accusing him of exercising the powers of a co-executor."

■ The availability of attorney's fees under a particular statute is a question of law. *Holland v. Wal–Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex.1999) (per curiam). Therefore, the trial court's construction or interpretation of the statute is subject to de novo review. *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex.2002); *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex.1989). When a statute is clear and unambiguous, we determine the Legislature's intent from the plain and common meaning of the words used in the statute. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex.1997); *Eller Media Co. v. State*, 51 S.W.3d 783, 785 (Tex.App.-Fort Worth 2001, no pet.); see also Tex. Gov't Code Ann. § 311.011(a) (Vernon 2005) (Words not defined in a statute are given their plain meaning, read in context, and construed according to the rules of grammar and common usage.). "[E]very word of a statute must be presumed to have been used for a purpose. Likewise, ... every word excluded from a statute must also be presumed to have been excluded for a purpose." *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex.1995) (quoting *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex.1981)). Each sentence, clause, and word of a statute must be given effect if it is reasonable and possible to do so. *Tex. Workers' Compensation Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 593 (Tex.2000) (quoting *Perkins v. State*, 367 S.W.2d 140, 146 (Tex.1963)).

The will designated Peter an alternate co-executor, and he never served in that capacity. In *Schulte v. Marik*, 700 S.W.2d 685, 687 (Tex.App.-Corpus Christi 1985, writ ref'd n.r.e.), the Corpus Christi Court of Appeals refused to extend the language of section 243 to include alternates who had never been qualified or served as an executor. We neither adopt nor reject that position at this time. We believe the following language in section 243 to be dispositive: "When any person designated

as a ... beneficiary in a will ... defends it or prosecutes any proceeding ... for the purpose of having the will ... admitted to probate, ... he may be allowed out of the estate ... reasonable attorney's fees." Id. (emphasis added). It is undisputed that the will of Irma Lou Wilcox was offered and duly admitted to probate, and no will contest has been filed. Mary Lou's claims of fraud, negligent misrepresentation, civil conspiracy, negligence, professional malpractice, breach of fiduciary duty, conversion, and tortious interference with inheritance assert that Peter and the other defendants are liable to her as tortfeasors.

Because Peter incurred attorney's fees defending himself against Mary Lou's allegations of his personal wrongdoing rather than defending the will as a beneficiary, Peter's claim for attorney's fees does not fall within the purview of section 243. See Tex. Prob.Code Ann. § 243. To hold otherwise would be contrary to the plain meaning of section 243, and would fail to give effect to the clauses "defends [the will]" and "for the purpose of having the will or alleged will admitted to probate." See id. The cases cited by Peter are distinguishable because the parties seeking attorney's fees in those cases were clearly defending the will. See *Salmon v. Salmon*, 395 S.W.2d 29, 31 (Tex.1965); *Zapalac v. Cain*, 39 S.W.3d 414, 416 (Tex.App.-Houston [1st Dist.] 2001, no pet.); *In re Estate of Huff*, 15 S.W.3d 301, 304 (Tex. App.-Texarkana 2000, no pet.); *Harkins v. Crews*, 907 S.W.2d 51, 53 (Tex.App.-San Antonio 1995, writ denied); *Kitchens v. Culhane*, 398 S.W.2d 165, 166 (Tex.Civ. App.-San Antonio 1965, writ ref'd n.r.e.) (Controversy existed between the heirs, and the party opposing recovery of attor-

ney's fees was the executor.); Tex. Prob. Code Ann. § 243. Issue one is sustained.[4] Accordingly, we reverse the trial court's order awarding attorney's fees from the estate to Peter and render judgment that Peter take nothing as to his motion for attorney's fees.

REVERSED AND RENDERED.

---

4. Because we find that Peter may not recover attorney's fees under section 243, we need not reach Mary Lou's second issue, in which she asserts the trial court's order is unsupported by evidence. See Tex. Prob.Code Ann. § 243.