In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-131 CV


____________________



IN RE REX E. WILCOX AND H. DOUG WILCOX,


INDIVIDUALLY AND AS INDEPENDENT CO-EXECUTORS OF


THE ESTATE OF IRMA LOU WILCOX, DECEASED


 




Original Proceeding 






MEMORANDUM OPINION



 Relators Rex E. Wilcox and H. Doug Wilcox, the independent co-executors of the
estate of Irma Lou Wilcox, seek a writ of mandamus compelling the trial judge to vacate his
order requiring them to sell certain properties belonging to the estate and to distribute a
portion of the proceeds to the real party in interest, Mary Lou Wilcox. We conditionally
grant the writ.

Background


 Irma Lou Wilcox died in 1999. The will of Irma Lou Wilcox appointed her sons, Rex
and Doug, to be independent co-executors of her estate. The will also gave any executor or
trustee the right "[t]o commence or defend, at the expense of [the] estate or of any trust, such
litigation with respect to my estate or any trust or any property of [the] estate or such trust
estates as [the] Executor or Trustee considers advisable. . . ." After making a few specific
bequests, the will provided that the remainder of the estate was to pass "to those of my
descendants who survive me, per stirpes. . . ." The testatrix's four children (Rex, Doug,
Mary Lou, and Peter) all survived her.

 Since the probate proceeding began, Mary Lou Wilcox has asserted numerous claims
against the estate, other beneficiaries under the will, and various persons involved in the
administration of the estate. See, e.g., Wilcox v. Wilcox, No. 09-06-045 CV, 2006 WL
3824012 (Tex. App.--Beaumont Dec. 28, 2006, no pet.); In the Estate of Wilcox, 193 S.W.3d
701 (Tex. App.--Beaumont 2006, no pet.); In the Estate of Wilcox, No. 09-05-524 CV, 2006
WL 1280904 (Tex. App.--Beaumont May 11, 2006, pet. denied). In addition, the State
Library and Archives Commission filed suit against the estate regarding two documents from
the estate that the Commission alleges properly belong to the State of Texas's archives.

 During her lifetime, Irma Lou Wilcox made several loans to Mary Lou Wilcox, which
included, among other amounts, loans for $40,000 and $8,500, both of which carried an
interest rate of 1.5 percent. In November 2007, Mary Lou filed a motion for partial
distribution, in which she listed numerous pieces of real property currently owned by the
estate and requested that the trial court order the executors to make a distribution to her
because she was in arrears on her mortgage and needed the funds for "medical and interim
living expenses[.]" When the executors last distributed estate funds from the sale of mutual
funds in 2002, they withheld $52,295.33 from Mary Lou's share to offset the balance owed
on the $48,500 debt at 1.5 percent interest. Mary Lou filed an objection to the offset, and the
trial court signed an order denying the executors' motion to approve the offset. Although the
trial court denied the executors' motion to approve the offset, the trial court apparently has
not yet adjudicated the merits of the executors' counterclaim against Mary Lou. Mary Lou
explained that as of the date of the hearing, she had not received the $52,295.33 that the
executors had withheld from her. She also testified she was notified that her home was
scheduled to be foreclosed upon, and she could not afford medical insurance.

 The trial court granted Mary Lou's motion for partial distribution and ordered the
executors to distribute $52,295.33 to Mary Lou. Rex and Doug filed a motion for rehearing
and reconsideration of the order, in which they argued, among other things, that "after
existing and expected bills are paid, the Estate will have no additional assets or cash to make
any further distributions to Mary Lou Wilcox. There is simply nothing left to distribute." 
The trial court held a hearing on the executors' motion for rehearing and reconsideration. 
At said hearing, the executors offered testimonial and documentary evidence regarding,
among other things, the lack of sufficient funds to distribute to Mary Lou when the estate's
anticipated future liabilities were taken into account. Specifically, Chris Busch, an
accountant for the estate, testified the estate's assets totaled $220,292.58, but the estate's
anticipated bills total $258,558.24. According to Busch, the estate's assets consisted of cash,
real estate, and a receivable from a marital trust.

 During Busch's testimony, the trial court admitted into evidence a summary of the
estate's assets and liabilities, which indicated that the estate owned real estate valued at
$100,000; mortgages, notes, and cash in the amount of $119,842.56; and miscellaneous
property valued at $450. According to the summary, the estate's outstanding bills include,
among other things, legal fees of $16,872.90 and anticipated legal fees of $20,000 to Fizer,
Beck, Webster, Bentley & Scroggins, P.C.; legal fees of $5,625.98 and anticipated legal fees
of $200,000 to Orgain, Bell & Tucker, L.L.P.; and accounting fees of $3,833.75 and
anticipated accounting fees of $12,000 to McClelland, Samuel, Fehnel & Busch, L.L.P.

 After the hearing, the trial court then entered an amended order, in which it granted
Mary Lou's motion for partial distribution, ordered the executors to sell two condominium
units and to pay $52,295.33 of the proceeds to Mary Lou, and further ordered the executors
to deposit the remaining proceeds with the estate. The executors then filed a petition for writ
of mandamus to compel the trial court to vacate the order.

Issue Two


 In their second issue, relators assert that the trial court abused its discretion by
ordering a partial distribution when the estate contains insufficient assets to satisfy remaining
expenses of administration. Because this issue is dispositive, we address it first.

 Mandamus will issue to correct a clear abuse of discretion for which the remedy by
appeal is inadequate. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004). 
With respect to whether an appellate remedy is adequate, "adequate" "has no comprehensive
definition; it is simply a proxy for the careful balance of jurisprudential considerations that
determine when appellate courts will use original mandamus proceedings to review the
actions of lower courts." Id. at 136. A trial court has no discretion in determining what the
law is or in applying the law to the facts, and a clear failure to analyze or apply the law
correctly constitutes an abuse of discretion. Walker v. Packer, 827 S.W.2d 833, 840 (Tex.
1992).

 Section 377(a) of the Texas Probate Code provides as follows:

 At the hearing upon the application for partition and distribution, the
court shall ascertain: 


 (a) The residue of the estate subject to partition and distribution, which
shall be ascertained by deducting from the entire assets of such estate
remaining on hand the amount of all debts and expenses of every kind
which have been approved or established by judgment, but not paid, or
which may yet be established by judgment, and also the probable future
expenses of administration. 


Tex. Prob. Code Ann. § 377(a) (Vernon 2003) (emphasis added). Furthermore, section 378
of the Texas Probate Code provides as follows:

 If the court is of the opinion that the estate should be partitioned and
distributed, it shall enter a decree which shall state:




 . . . .


 (d) That the executor or administrator retain in his hands for the payment
of all debts, taxes, and expenses of administration a sufficient amount
of money or property for that purpose, specifying the amount of money
or the property to be so retained. 


Tex. Prob. Code Ann. § 378(d) (Vernon 2003).

 In this case, the uncontroverted evidence established that when the anticipated
expenses of administration are taken into account, the estate's liabilities exceed the value of
the remaining assets. Therefore, because it entered an order requiring the executors to sell
estate property and to distribute a portion of the proceeds to Mary Lou, the trial court abused
its discretion by failing to properly apply sections 377(a) and 378(d) of the Texas Probate
Code. See id.; Tex. Prob. Code Ann. § 377; see also In re Prudential Ins. Co. of Am.,
148 S.W.3d at 135-36; Walker, 827 S.W.2d at 840. Furthermore, because the trial court's
order requiring sale of real property owned by the estate and distribution of $52,295 of the
proceeds to Mary Lou is interlocutory, we find that relators lack an adequate remedy by
appeal to protect the estate's ability to satisfy its anticipated obligations. See generally In re
Prudential, 148 S.W.3d at 135-36; see also Crowson v. Wakeham, 897 S.W.2d 779, 783
(Tex. 1995); In re Guardianship of Murphy, 1 S.W.3d 171, 172-73 (Tex. App.--Fort Worth
1999, no pet.) (When an order ends a discrete phase of a probate proceeding, it is final and
appealable.). Accordingly, we conditionally grant the petition for writ of mandamus. We
need not address relators' remaining issues, as they would not result in greater relief. See
Tex. R. App. P. 47.1. The writ will issue only if the trial court refuses to vacate its order in
accordance with this opinion.

 PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED.



 PER CURIAM



Submitted on April 14, 2008

Opinion Delivered July 31, 2008


Before McKeithen, C.J., Gaultney and Kreger, JJ.