In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-132 CV


____________________




REX E. WILCOX AND H. DOUG WILCOX, 


INDIVIDUALLY AND AS INDEPENDENT CO-EXECUTORS OF 


THE ESTATE OF IRMA LOU WILCOX, DECEASED, Appellants



V.



MARY LOU WILCOX, Appellee






On Appeal from the County Court at Law No. 1


Jefferson County, Texas


Trial Cause No. 77841






MEMORANDUM OPINION



 Rex E. Wilcox and H. Doug Wilcox, individually and as independent co-executors of
the estate of Irma Lou Wilcox, filed a notice of appeal in which they seek to appeal the trial
court's order that required them to sell two condominium units and to issue a partial
distribution to appellee Mary Lou Wilcox. Concurrently with the filing of their appeal,
appellants also filed a petition for writ of mandamus. In their petition for writ of mandamus,
appellants assert that the same order from which they are appealing in this proceeding is
interlocutory.

 "A judgment is final for purposes of appeal if it disposes of all pending parties and
claims in the record, except as necessary to carry out the decree." Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001) (footnote omitted). All final orders of any court
exercising original probate jurisdiction are appealable to the courts of appeals. Tex. Prob.
Code Ann. § 5(g) (Vernon Supp. 2007). Generally, there is only one final, appealable
judgment in a proceeding. See Tex. R. Civ. P. 301. However, Texas law provides an
exception to this rule for probate proceedings because such proceedings consist of a
continuing series of events and often involve multiple judgments on discrete issues. Young
v. First Cmty. Bank, 222 S.W.3d 454, 456 (Tex. App.--Houston [1st Dist.] 2006, no pet.); In
re Estate of Davidson, 153 S.W.3d 301, 304 (Tex. App.--Beaumont 2004, pet. denied). The
Texas Supreme Court has set forth the following test for determining whether a probate order
is final and appealable:

 If there is an express statute . . . declaring the phase of the probate proceedings
to be final and appealable, that statute controls. Otherwise, if there is a
proceeding of which the order in question may logically be considered a part,
but one or more pleadings also part of that proceeding raise issues or parties
not disposed of, then the probate order is interlocutory. For appellate
purposes, it may be made final by a severance order, if it meets the severance
criteria. . . . In setting this standard, we are mindful of our policy to avoid
constructions that defeat bona fide attempts to appeal.


Crowson v. Wakeham, 897 S.W.2d 779, 783 (Tex. 1995) (citations omitted). When an order
ends a discrete phase of the probate proceeding, it is a final order. In re Guardianship of
Murphy, 1 S.W.3d 171, 172-73 (Tex. App.--Fort Worth 1999, no pet.).

 The trial court entered the order for partial distribution after appellee's motion for
"partial distribution." The statutes that govern distribution of estates do not provide for
interlocutory appeal of such rulings. See Tex. Prob. Code Ann. §§ 149B, 149D, 377, 378
(Vernon 2003). In addition, further administration of the estate, including future
distributions, will be necessary. The trial court has not ruled on all of the existing issues in
the probate proceeding and did not enter a severance order. Therefore, we conclude that
because the trial court's order does not terminate a discrete phase of the probate proceeding,
the ruling at issue in the case sub judice is not final and appealable. See Crowson, 897
S.W.2d at 783; Murphy, 1 S.W.3d at 172-73. Accordingly, because the record before us does
not indicate that the trial court's order is final and appealable, we dismiss the appeal for want
of jurisdiction.

 APPEAL DISMISSED FOR WANT OF JURISDICTION.



 STEVE McKEITHEN

 Chief Justice

Submitted on July 3, 2008

Opinion Delivered July 31, 2008

Before McKeithen, C.J., Gaultney and Kreger, JJ.