

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00065-CV

IN THE ESTATE OF JOHNNIE B. BOONE, DECEASED

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 41,806-CCL

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Edward C. Boone appeals from the trial court's August 6, 2018, order denying his motion to transfer venue, granting attorney fees to the attorney who opposed that motion, and requiring that the dependent administrator be given access to the decedent's homestead for purposes of selling it. By letter dated October 22, 2018, we notified Boone that it appeared we lacked jurisdiction over this appeal because the order appealed from is neither a final judgment nor an appealable interlocutory order. We afforded Boone ten days to demonstrate proper grounds for our retention of the appeal. Boone responded with a conclusory statement that the judgment is final. His response does not include citation to authority.

Our jurisdiction is constitutional and statutory in nature. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220 (West Supp. 2018). This Court has jurisdiction to decide appeals from final judgments and from interlocutory orders as permitted by the Texas Legislature. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex. App.—El Paso 1997, no writ) (per curiam). Generally, an interlocutory judgment becomes final when it merges into the final judgment disposing of the entire case. *See Roccaforte v. Jefferson Cty.*, 341 S.W.3d 919, 924 (Tex. 2011).

Although probate cases are an exception to the "one final judgment" rule, *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006), "[n]ot every interlocutory order in a probate case is appealable." *Id*. The appropriate test for jurisdiction in a probate case was articulated by the Texas Supreme Court in *Crowson v. Wakeham*, 897 S.W.2d 779 (Tex. 1995):

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that

2

statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id*. at 783.

The order from which Boone attempts to appeal denied his motion to transfer the case to Gregg County, awarded attorney fees to the attorney who responded to the motion to transfer venue, and ordered that the dependent administrator be given access to the decedent's homestead for purposes of selling it. Here, there is no express statute making venue or incidental powers granted by order to a dependent administrator appealable. In fact, venue rulings in probate cases are generally not appealable. *See In re Estate of Fears*, No. 06-03-00139-CV, 2004 WL 111423, at *1–3 (Tex. App.—Texarkana Jan. 22, 2004, no pet.) (mem. op.); *see also In re Guardianship of Murphy*, 1 S.W.3d 171, 175 (Tex. App.—Fort Worth 1999, no pet.). Moreover, the order of which Boone complains does not adjudicate a substantial right. *See Crowson*, 897 S.W.2d at 783.

In light of the foregoing, we dismiss the appeal for want of jurisdiction.


Bailey C. Moseley
Justice

Date Submitted:     November 7, 2018
Date Decided:       November 8, 2018