# NO. 12-19-00294-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *VIRIDIANA MARTINEZ,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator, Viridiana Martinez, filed this original proceeding to challenge Respondent's denial of her motion to transfer and motion to abate.[1] We deny the writ.

## BACKGROUND

On July 2, 2019, Viridiana filed an original petition in suit affecting the parent child relationship (SAPCR) in El Paso County, Texas. She listed El Paso as the child's county of residence. The El Paso County Attorney also filed an application for protective order on Viridiana's behalf. Jose Guadalupe Martinez, Real Party in Interest, is the child's father. On July 12, Jose filed a SAPCR petition in Shelby County. That same day, Respondent signed an order for writ of attachment as to the child. On July 17, Viridiana filed a motion to transfer in Shelby County. She alleged that her petition was filed in El Paso County on July 2, before Jose filed suit in Shelby County, and that transfer to El Paso County is mandatory. She further alleged that the child resides in El Paso County, making venue proper in that County. In response, Jose argued that transfer is not mandatory because no final order has been rendered by any court regarding the child. He further maintained that the child resided in Shelby County his entire life until being taken to El Paso on June 28, 2019. In an attached affidavit, Jose stated that the child was born in 2016 and lived in Shelby County until June 28 when Viridiana moved in with her aunt in El Paso.

---

[1] Respondent is the Honorable James A. Payne, Jr., Judge of the 273rd District Court in Shelby County.

On July 23, the trial court in El Paso County conducted a hearing on the application for protective order, at which Jose appeared in person. The El Paso County court signed a protective order that day and, in doing so, found that family violence occurred and is likely to reoccur. The order gave Viridiana exclusive possession of the child and prohibited Jose from removing the child from Viridiana's possession, but also awarded Jose visitation as agreed by the parties. The order was granted until July 22, 2021.[2]

On July 26, Respondent held a temporary orders hearing in Shelby County. Viridiana, who speaks little English, appeared pro se and without an interpreter. Jose testified that the child was born in 2016 and lived in Shelby County his entire life. On June 28, he returned home from work to find a letter from Viridiana, in which she stated that she left with the child to El Paso. He was present when Viridiana was served with the writ of attachment, but she went inside the house and closed the door. He testified that Viridiana is from Juarez, Mexico, which is located across the bridge from El Paso, and her parents still reside there. He expressed concern that Viridiana might flee to Mexico with the child. Respondent granted the motion for temporary orders prohibiting Viridiana from removing the child from Shelby County. He signed an order for writ of attachment that the child be delivered into Jose's possession. Respondent explained that the order was based on a clear danger that Viridiana would flee from not only Respondent's jurisdiction, but also the United States.

On August 5, Viridiana filed a motion to abate in Shelby County on grounds that the same dispute was being litigated in another Texas court. She alleged both that she filed suit first and that Jose was served with an application for protective order on July 8. She maintained that the El Paso County trial court possessed dominant jurisdiction. In an attached affidavit, Viridiana stated

---

[2] Although filed separately, both the SAPCR and protective order proceeding were assigned cause number 2019DCM4304 and assigned to the same court in El Paso County, and there is no final order providing for possession of, access of, or support for the child; thus, they are part of the same proceeding. *See Interest of A.M.G.*, No. 07-16-00191-CV, 2016 WL 6471348, at *1 (Tex. App.—Amarillo Nov. 1, 2016, no pet.) (mem. op.) (where husband filed SAPCR and wife filed for protective order, both being assigned the same court and cause number, appellate court dismissed husband's appeal from two-year protective order for want of jurisdiction because SAPCR was still pending). A protective order rendered under Title 4, Subtitle B of the family code may be appealed. TEX. FAM. CODE ANN. § 81.009(a) (West 2019). However, a protective order rendered against a party in a suit affecting the parent-child relationship, as in the present case, may not be appealed until the time an order providing for support of the child or possession of or access to the child becomes a final, appealable order. *Id.* § 81.009(c).

2

that she left Shelby County on June 28 and hired an attorney after establishing El Paso County as her residence.

On August 9, Respondent conducted a hearing on Viridiana's motions to transfer and to abate. Viridiana's counsel argued that she established her residence in El Paso, filed a SAPCR and a motion for protection there, and Jose appeared and submitted to the El Paso court's jurisdiction. He contended that jurisdiction is appropriate in El Paso, where Viridiana had custody and management of the child and where she filed suit. Jose's counsel argued that Shelby County is the child's residence and that Viridiana filed for relief after being in El Paso for a day or two, which he contended is insufficient to establish a residence. Respondent denied the motion to transfer and the motion to abate. This proceeding followed.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

Mandamus is available to compel mandatory transfer in a suit affecting the parent child-relationship. *See In re Lawson*, 357 S.W.3d 134, 135-36 (Tex. App.—San Antonio 2011, orig. proceeding); *In re Calderon*, 96 S.W.3d 711, 715 (Tex. App.—Tyler 2003, orig. proceeding). Mandamus may also issue to enforce dominant jurisdiction. *In re Houghton*, No. 09-17-00348-CV, 2017 WL 4682177, at *2 (Tex. App.—Beaumont Oct. 19, 2017, orig. proceeding) (mem. op.).

## ABUSE OF DISCRETION

Viridiana maintains that Respondent abused his discretion by denying her motions to transfer and to abate. She contends that transfer to El Paso County was mandatory under Section 103.001 of the family code because it is the county of the child's residence. She further contends that abatement was proper because the elements of dominant jurisdiction were met.

3

**Standard of Review and Applicable Law**

A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Cerberus Capital*, 164 S.W.3d at 382. This standard has different applications in different circumstances. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). When reviewing the trial court's resolution of factual issues or matters committed to its discretion, we may not substitute our judgment for that of the trial court. *Id*. The relator must show that the trial court could reasonably have reached only one conclusion. *Id*. at 840. Our review of the trial court's determination of the legal principles controlling its ruling is much less deferential. *Id.* This is because a trial court has no discretion in determining what the law is or applying the law to the facts. *Id*.

Except where otherwise provided, an original suit affecting the parent child relationship shall be filed in the county where the child resides unless (1) another court has continuing exclusive jurisdiction under Chapter 155 of the family code or (2) venue is fixed in a suit for dissolution of a marriage. TEX. FAM. CODE ANN. § 103.001(a) (West 2019). When a child's parents "do not reside in the same county and if a managing conservator, custodian, or guardian of the person has not been appointed, the child resides in the county where the parent having actual care, control, and possession of the child resides." *Id*. § 103.001(c)(2). When venue is "improper in the court in which an original suit is filed and no other court has continuing, exclusive jurisdiction of the suit, on the timely motion of a party other than the petitioner, the court shall transfer the proceeding to the county where venue is proper." *Id*. § 103.002(a) (West 2019). The procedures outlined in Chapter 155 apply to a transfer of an original suit under Section 103.002. *Id*. § 103.002(c)(1).

Under Section 155.001, except as otherwise provided, a court acquires continuing, exclusive jurisdiction over the matters provided for by Title 5 of the family code in connection with a child on the rendition of a final order. *Id*. § 155.001(a) (West Supp. 2018). If a Texas court acquired continuing, exclusive jurisdiction, no other Texas court has jurisdiction of a suit with regard to that child except as provided by Chapter 155, Section 103.001(b), or Chapter 262.[3] *Id*.

---

[3] Section 103.001(b), dealing with a suit in which adoption is requested, and Chapter 262, which governs procedures in a suit by a governmental entity to protect a child's health and safety, do not apply to this case. *See* TEX. FAM. CODE ANN. § 103.001(a) (West 2019); *see also id*. §§ 262.001-.352 (West 2019).

§ 155.001(c)(2). "Unless a final order has been rendered by a court of continuing, exclusive jurisdiction, a subsequent suit shall be commenced as an original proceeding." *Id*. § 155.001(d).

**Analysis**

This case does not involve a suit for dissolution of marriage. And neither the Shelby County court nor the El Paso County court has rendered a final order; thus, neither court possesses continuing exclusive jurisdiction over the child. *See id*. § 155.001(a); *see also Gutierrez v. Gutierrez*, No. 05-14-00803-CV, 2016 WL 1242193, at *2 (Tex. App.—Dallas Mar. 30, 2016, no pet.) (mem. op.) (trial court does not acquire continuing jurisdiction over child on filing of SAPCR, but on rendition of final order in such a suit). Accordingly, venue is proper in the county where the child resides, i.e., where the parent having actual care, control, and possession of the child resides. *See* TEX. FAM. CODE ANN. § 103.001(a), (c)(2).

The record demonstrates that Viridiana had care, control, and possession of the child at the time she filed suit in El Paso County. Thus, the question is whether Viridiana qualified as a resident of El Paso County, for purposes of Section 103.001, when she filed her petition. Jose argues that Viridiana did not so qualify because she had only been in El Paso County for a few days when she filed suit.

Section 103.001 "does not expressly state the time frame relevant to the court's inquiry into a parent's actual care, control, and possession of a minor child." *In re Narvaiz*, 193 S.W.3d 695, 700 (Tex. App.—Beaumont 2006, orig. proceeding); *see In Interest of S.D.*, 980 S.W.2d 758, 760 (Tex. App.—San Antonio 1998, pet. denied); *see also McManus v. Wilborn*, 932 S.W.2d 662, 666 (Tex. App.—Houston [14th Dist.] 1996, orig. proceeding) (venue was proper and mandatory in Galveston County under Section 103.001; child and mother resided in Galveston County for approximately ten days before proceeding was filed in Chambers County); *see generally Matter of Marriage of Allen*, 593 S.W.2d 133, 136-37 (Tex. Civ. App.—Amarillo 1979, no writ). As the Beaumont Court of Appeals has noted, "had the Legislature desired that the pertinent time frame incorporate a period of time prior to the date of the initial filing of the SAPCR, it could have included this requirement in [S]ection 103.001." *Narvaiz*, 193 S.W.3d at 700. For example, Section 155.201(b) provides, "If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for *six months or longer*." TEX. FAM. CODE

5

ANN. § 155.201(b) (West Supp. 2018) (emphasis added). The legislature incorporated no such limiting language into Section 103.001 and we will not read a time frame into that Section's residency requirement. *See* **Williams v. Tex. State Bd. Of Orthotics & Prosthetics**, 150 S.W.3d 563, 573 (Tex. App.—Austin 2004, no pet.) ("we will not read into an act a provision that is not there, except to give effect to clear legislative intent"); *see also* **McManus**, 932 S.W.2d at 665 ("the length of residency provisions found in Chapter 155 are not applicable in original suits affecting the parent-child relationship").

Nevertheless, while Section 103.001 sets forth no minimum time frame for length of residency, "Chapter 103 establishes venue in the county where the parent in actual possession *resides*, and a residency requirement imputes an element of permanency before a party can be considered a resident of a county." **Narvaiz**, 193 S.W.3d 701; *see* **In re Lee-Cole**, No. 12-17-00179-CV, 2017 WL 3048488, at *3 (Tex. App.—Tyler July 19, 2017, orig. proceeding) (mem. op.); *see also* **S.D.**, 980 S.W.2d at 760-61. The elements of residency include: (1) a fixed place of abode within the possession of the party; (2) occupied or intended to be occupied consistently over a substantial period of time; (3) which is permanent rather than temporary. **Lee-Cole**, 2017 WL 3048488, at *3; **S.D.**, 980 S.W.2d at 760-61. To be a resident, there must be an intention to establish a permanent domicile or home, and the intention must be accompanied by some act done in the execution of the intent. **Lee-Cole**, 2017 WL 3048488, at *3.

Here, the record contains very little evidence regarding the three elements of residency. Viridiana did not testify at the hearing on her motion to transfer and abate. In an affidavit attached to her motion to abate, Viridiana alleged that she had no alternative but to move to El Paso because of Jose's abusive behavior. She moved herself, the child the subject of this proceeding, and her two other children to El Paso. She stated that her aunt lived in El Paso for over twenty years and she knew she could live with her aunt while seeking employment. The record does not indicate whether Viridiana obtained employment in El Paso County or is still actively seeking employment, placed her children in school or daycare there, pays rent to her aunt, or otherwise has some right of possession to her aunt's home other than that of a visitor. *See* **Snyder v. Pitts**, 150 Tex. 407, 241 S.W.2d 136, 140 (1951) (for place of abode to become residence, party "must have some right of possession and not be a mere visitor"). And aside from filing her petition and seeking a protective order, the record does not speak to what other steps, if any, Viridiana has taken that would demonstrate an intent to remain in El Paso County for a substantial period of time. The

record simply does not support the permanency element necessary for Viridiana to be considered a resident of El Paso County. *See* **Lee-Cole**, 2017 WL 3048488, at *3.

Viridiana further maintains that venue is proper in El Paso County because Jose appeared at the July 23 hearing without first filing a plea to the jurisdiction or challenging venue. Section 103.001 is a venue statute. **Gutierrez**, 2016 WL 1242193, at *1. Any party to a lawsuit may expressly or impliedly waive rights conferred upon him by a venue statute. **S.D.**, 980 S.W.2d at 759. "An express waiver is shown by clear overt acts evidencing an intent to waive, while an implied waiver occurs when a party, often inadvertently, takes some action inconsistent with his position on the venue issue and therefore is held to have waived his rights thereon." **Id**.

The record does not demonstrate that Jose filed a motion to transfer venue with the El Paso County court or otherwise requested any type of relief from the El Paso County court. The El Paso County court ordered Jose to appear at a show cause hearing on July 23. This Court does not have a transcript from that hearing. The protective order reflects that Viridiana's application for protective order was heard on July 23 and Jose appeared in person. The court ordered that Jose have visitation with the child by agreement and failing an agreement, pursuant to any superseding orders from a court with jurisdiction over the child. Appearing at the protective order hearing is not the type of action that constitutes an expressed or implied waiver of a right to venue in Shelby County. *See* **In re Leder**, 263 S.W.3d 283, 286-87 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding) (filing of counter-claim, jury demand, motion to vacate ex parte temporary orders, two motions for sanctions, and certificate of written discovery before obtaining a ruling on motion to transfer did not waive venue issue); **Green v. Green**, 424 S.W.2d 479, 481-82 (Tex. Civ. App.—Tyler 1968, no writ) (rejecting contention that ex-wife waived plea of privilege, challenging venue, by requesting and securing a continuance, prior to filing her plea, and agreeing to allow court to enter order awarding appellant temporary custody pendente lite at show cause hearing). Based on the record before us, we cannot conclude that Jose submitted to venue in El Paso County by appearing at the show cause hearing.

Finally, regarding her motion to abate, Viridiana maintains that Respondent should have granted the motion because the El Paso County court acquired dominant jurisdiction. "The court in which suit is first filed generally acquires dominant jurisdiction to the exclusion of other courts *if* venue is proper in the county in which suit was first filed." **Gonzalez v. Reliant Energy, Inc.**, 159 S.W.3d 615, 622 (Tex. 2005); *see* **Gutierrez**, 2016 WL 1242193, at *2. Because, as

discussed above, venue was not proper in El Paso County, the El Paso County court did not acquire dominant jurisdiction.

Accordingly, for the reasons discussed, we conclude that Respondent did not abuse his discretion by denying Viridiana's motions to transfer and abate. Consequently, Viridiana cannot establish both prerequisites for obtaining a writ of mandamus. *See Cerberus Capital Mgmt., L.P.*, 164 S.W.3d at 382; *see also Fitzgerald*, 429 S.W.3d at 891.

## DISPOSITION

Having determined that Viridiana cannot demonstrate an entitlement to mandamus relief, we *deny* the petition for writ of mandamus.

BRIAN HOYLE
Justice

Opinion delivered October 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 31, 2019

NO. 12-19-00294-CV

**VIRIDIANA MARTINEZ,**
Relator
V.

**HON. JAMES A. PAYNE, JR.,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Viridiana Martinez; who is the relator in appellate cause number 12-19-00294-CV and the respondent in trial court cause number 19CV34893, pending on the docket of the 273rd Judicial District Court of Shelby County, Texas. Said petition for writ of mandamus having been filed herein on August 27, 2019, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Brian Hoyle.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*